Argued March 3, reversed and remanded with directions
April 12, 1972

## PREFERRED RISK MUTUAL INSURANCE COMPANY, *Appellant, v.* MISSION INSURANCE COMPANY, *Respondent.*

495 P2d 727

*Douglas M. Fellows,* Portland, argued the cause for appellant. On the brief were Donald W. Varnes, and Hedrick & Fellows, P. C., Portland.

*George M. Joseph,* Portland, argued the cause for

respondent. With him on the brief were James G. Breathouwer, and Bemis, Breathouwer & Joseph, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and BRYSON, Justices.

HOLMAN, J.

This is an action by one insurance company to compel another company to make a pro rata reimbursement to plaintiff for paying off an entire automobile collision loss. Plaintiff alleged that both companies had issued policies which covered the loss. The matter was tried on stipulated facts by the court without a jury and judgment was entered for defendant. Plaintiff appealed.

An automobile owned by Flora Krause was damaged in a collision while being operated by Ruby David with Krause's permission. At the time of the accident, a policy issued by plaintiff to Krause was in effect, containing collision coverage of Krause's automobile. Plaintiff paid Krause the loss and then brought this action against defendant, claiming that because defendant had issued a policy to David which also covered the loss, plaintiff was entitled to contribution from defendant under the rule of *Lamb-Weston v. Ore. Auto. Ins. Co.*, 219 Or 110, 341 P2d 110, 346 P2d 643, 76 ALR2d 485 (1959).

Plaintiff's policy contained the following provisions:

"COVERAGE E—Collision:

"(a) to pay for loss caused by collision to the owned automobile * * *.

"* * * * * *.

"Other Insurance. If the insured has other insurance against a loss covered by Part III of this policy [which part contains collision coverage], the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of this policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss; * * *."

Defendant's policy contained the following provisions:

"COVERAGE E—Collision or Upset: To pay for direct and accidental loss of or damage to the automobile [David's vehicle described in the policy], hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile, * * *.
"* * * * *.

"V. Use of Other Automobiles: If the named insured * * * owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under coverages * * * E [collision] with respect to said private passenger automobile *applies with respect to any other private passenger automobile, provided the actual use thereof is with the permission of the owner,* subject to the following provisions:
"* * * * *.

"(d) This insuring agreement does not apply:
"* * * * *.

"(4) Under coverage E [collision], to any loss when there is any other insurance which would apply thereto in the absence of this insuring agreement, whether such other insurance covers the interest of * * * the owner of the automobile or * * *." (Emphasis ours.)

Plaintiff's insured Krause owned the automobile which was damaged and she suffered the loss. The stipulated facts do not show any loss to David; she

had no interest in the damaged vehicle. Clearly, Krause's entire loss is covered by her insurer, the plaintiff, in the absence of other insurance. The problem is whether the defendant's policy also insures Krause's loss in the absence of other insurance. If defendant's policy insures only the loss of its policyholder David, *Lamb-Weston* does not apply. Since plaintiff would be insuring only Krause's loss and defendant would be insuring only David's loss, there would be no common insured to whom both companies would owe a duty to pay for the same loss in the absence of other insurance. One loss, a common insured, and conflicting "other insurance" clauses provide the basis for the application of *Lamb-Weston*.

It is unreasonable to conclude, as defendant argues, that defendant's policy was intended to give coverage only to its insured's interest in the vehicle. Rather, we conclude that, in the absence of other insurance, defendant and David intended that anyone in Krause's position would be a third-party beneficiary of their contract of insurance.[1] We do not believe that, in the event Krause had no insurance, defendant would be able to contend successfully that it owed no obligation to Krause and did not have to repair her automobile because it owed an obligation only to David, who had suffered no loss. The language of defendant's

---

[1] The case of Firemen's Ins. v. Motors Ins., 245 Or 601, 423 P2d 754 (1967) was a factual situation identical to that in the present case except for the provisions of the driver's policy. Those provisions were not fully disclosed by the record. After considering those provisions which the record did disclose, the court concluded there was an insufficient indication that it was the intention of the parties that the insuring provision was for the benefit of the third-party owner of the damaged vehicle. The court does not consider that it is bound by the decision in that case because of the limited and different policy provisions which were the basis for it. Defendant has not contended that the case is authority for its position here.

policy, "* * * such insurance as is afforded * * * under coverages * * * E [collision] applies with respect to any other private passenger automobile, provided the actual use thereof is with the permission of the owner * * *," does not make very much sense if defendant is covering only its insured's (David's) interest in the vehicle. By the terms of the quoted language, the vehicle must belong to someone other than David in order for the coverage to be applicable. David, therefore, could have little, if any, interest in the vehicle, and the provision would never afford any substantial coverage if defendant's contention is correct.

It would appear that the reason for including this provision in the potential vehicle borrower's policy is to enable the borrower of a vehicle to secure coverage for the lender's interest. In this fashion, the borrower avoids embarrassment of (1) a loss for the lender while the vehicle is in the borrower's custody, and (2) a dispute with the lender over responsibility for the loss. It might be argued that the provision is to cover only the borrower's liability to the lender, where the loss was incurred under circumstances which would make the borrower responsible to the lender for the loss, but that would constitute *liability* coverage which is normally provided by a different portion of the policy.

Because the insuring agreements of both policies, in the absence of other insurance, covered Krause's loss, we have a typical *Lamb-Weston* situation where each insurer attempts to limit or to exclude its coverage where other coverage exists. Plaintiff attempts to limit its coverage to a pro rata share, and defendant attempts to escape all coverage. We have

held such "other insurance" provisions to be mutually repugnant and therefore void, and have directed that the two insurers must prorate the loss by the ratio that each insurer's limit of liabiliy bears to the combined limits of liability of the two policies. *Sparling v. Allstate Ins. Co.*, 249 Or 471, 475, 439 P2d 616 (1968). In this case, that means the parties divide the loss equally because the limit of liability of both policies was the amount of the loss.

The judgment of the trial court is reversed and the case is remanded for entry of a judgment in conformance with this opinion.