Argued December 3, 1965, reargued October 3, 1966, affirmed
February 15, 1967

# FIREMEN'S INSURANCE COMPANY *v.* MOTORS INSURANCE CORPORATION

423 P. 2d 754

*Olywn E. Kennedy,* Portland, argued and reargued the cause for appellant. With him on the briefs were Charles C. M. Peterson and Hurlburt, Kennedy, Peterson, Bowles & Towsley, Portland.

*Robert Clapperton,* Portland, argued and reargued the cause and filed a brief for respondent.

W. H. Morrison and James C. Dezendorf, Portland, filed a brief amici curiae.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

## DENECKE, J.

This is a suit by the plaintiff, Firemen's Insurance Company, to require the defendant, Motors Insurance Corporation, to contribute pro rata to an automobile collision loss. The trial court sustained a demurrer to plaintiff's complaint and when plaintiff refused to plead further, dismissed the action. Plaintiff appeals.

Plaintiff's policy was issued to Courtesy Chevrolet Company and provided $100 deductible collision coverage for a 1964 Chevrolet automobile described in the policy. The automobile was damaged by collision while it was being driven by Eddie Lee Counts. The defend-

ant, Motors Insurance, had issued a policy to Counts, providing $100 deductible collision coverage for a particular automobile, "the owned automobile," described in its policy. The defendant's policy provided it would pay for "loss caused by collision to the owned automobile or to a non-owned automobile" while being driven by Counts. The automobile owned by Courtesy Chevrolet Company was such a nonowned automobile within the terms of defendant's policy.

Initially, we considered that this case presented the issue of whether or not *Lamb-Weston v. Oregon Auto Insurance Co.*, 219 Or 110, 341 P2d 110, 346 P2d 643, 76 ALR2d 485 (1959), should be applied in view of the language of the "other insurance" clauses in the two policies. We asked for and received from amici curiae helpful briefs upon this issue. We have, however, determined that the issue which first must be solved is whether Courtesy Chevrolet or its insurer Firemen's is entitled to any benefits under Motors' policy, irrespective of the "other insurance" issue, i.e., is Courtesy an "insured" under Motors' policy?

Unfortunately, the policies were not made part of the complaint and all we judicially know is what is alleged in the complaint, including those portions of the policies which are quoted and made part of the complaint. However, we must decide this issue on the allegations of the complaint.

██ When a demurrer is sustained and the pleader chooses not to plead further, the pleading is construed most strongly against the pleader:

"* * * [I]t is presumed that the pleader has stated his case as strongly as the facts will permit. * * *. This is the rule when a complaint is ambiguous and susceptible of two constructions, one of which would not state a cause of action.

\* \* \*" *Mezyk v. National Repossessions,* 241 Or 333, 338, 405 P2d 841 (1965).

In the instant case we must determine whether the complaint is susceptible of two constructions. The two possibilities are: (1) that Courtesy was an insured of Motors; and (2) that Courtesy was not an insured; only Counts is an insured. If it is equally susceptible to either of such constructions, we must, under the rule above stated, construe the complaint against the pleader and hold that the complaint does not state a cause of action. It is only if we conclude that the complaint clearly and unambiguously alleges that Courtesy is an insured that we can hold that the pleading states a cause of action.

■ Ordinarily, the benefits of an insurance contract, like any other contract, inure only to the contracting party, usually labeled the "insured." In *Willamette Nav. Co. v. Hartford Fire Ins. Co.,* 287 F 464, 467 (9th Cir 1923), Judge Wolverton quoted the following with approval:

> " 'If an insurance is made by a person in his own name only, without any indication in the policy that any other is interested, it can be applied only to his own proper interest in the subject, or his interest as trustee, or in some other way.' "

The exception to the above statement is a contract, insurance or otherwise, for the benefit of a third person, i.e., a third person not a party to the contract. Such third person is denominated a third-party beneficiary.

■ We have adopted the third-party-beneficiary principles stated in § 133, 1 Restatement, Contracts. *Waterway Terminals v. P. S. Lord,* 242 Or 1, 28-32, 406 P2d 556 (1965). Section 133 is to the effect that a

third-party-beneficiary contract exists if it appears from the terms of the contract, interpreted in light of the accompanying circumstances, that the purpose of the person securing the insurance was to benefit, at least in part, someone in addition to, or other than, himself. As related to the present case the question is: Is it unambiguously pleaded that Counts intended Courtesy to have a right against Motors to collect the amount of the damage to Courtesy's car?

In the usual instance the policy itself spells out what persons are protected by the policy. (This policy probably does the same, but, unfortunately, we have very little of the policy in the pleading and that creates the problem.) The "other insurance" cases we have previously had concerned the liability coverage of the policy. No one questions that persons other than the named insured are covered by the liability coverage of such policies. The policy expressly extends its benefits to others. The usual clause states: "The following are insured under Part I:   *   *   *   (2) any other person using such automobile, provided the actual use thereof is with the permission of the named insured: *   *   *."

Here, the complaint contains no statement or policy provision that Courtesy is an insured under this policy or that Courtesy is covered under the policy, or any similar provision or allegation. Any interest in Courtesy must be found by implication. The most likely provision from which such implication may possibly be garnered is as follows:

> "COVERAGE E—COLLISION: To pay for loss caused by collision to the owned automobile or to a non-owned automobile   *   *   *."

This provision, however, is an insuring clause and

ordinarily the persons intended to be insureds are set forth in another part of the policy. The provision does not indicate whose "loss" it refers to. Counts is the named insured and, obviously, his loss would be covered. As a bailee of the vehicle he would have an interest in the vehicle which could be insured and damage to the vehicle could cause him personal loss. Courtesy, as owner, also has an interest in the vehicle and would suffer loss if the car were damaged; however, the above-quoted clause is completely devoid of any expression of intention upon Counts' part to provide insurance to Courtesy to cover Courtesy's loss.

One other clause in the policy is set out in the complaint and plaintiff contends that it has some bearing. That clause states: "The company may settle any claim for loss either with the insured or the owner of the property." It is applicable to all coverages in the policy.

That clause could indicate, in the event of a collision loss, that the owner of the property, Courtesy Chevrolet in this case, has a claim under the policy and the insurer can pay it directly without going through Counts. Or, the clause just as reasonably can be interpreted to mean that when the named insured, Counts, is legally liable for property damage, the insurer can pay the owner of the damaged property directly and not wait to indemnify the owner for a loss he has paid.

■ We surmise that if the entire policy were before us the issue now confronting us would easily be resolved. We hold that the few policy provisions that are before us, plus the allegations of the complaint, which complaint was directed to the issue presented by *Lamb-Weston,* not the issue with which we are now concerned, are at least ambiguous upon the issue of whether Courtesy is an insured under Motors' collision

coverage. We, therefore, construe the ambiguous complaint most strongly against the pleader and decide that Courtesy is not an insured under the Motors' policy.

Affirmed.

McALLISTER, J., dissenting.

This is an action by the plaintiff, Firemen's Insurance Company, to require the defendant, Motors Insurance Corporation, to contribute pro rata to an automobile collision loss. The trial court sustained a demurrer to plaintiff's complaint and when plaintiff refused to plead further, dismissed the action. Plaintiff appeals.

Plaintiff's policy was issued to Courtesy Chevrolet Company and provided $100 deductible collision coverage for a 1964 Chevrolet automobile described in the policy. The automobile was damaged by collision while it was being driven by Eddie Lee Counts. The defendant, Motors Insurance, had issued a policy to Counts, providing $100 deductible collision coverage for a particular automobile described in its policy. The defendant's policy also provided the same collision coverage for any non-owned automobile while being driven by Counts. The automobile owned by Courtesy Chevrolet was such a non-owned automobile within the terms of defendant's policy.

This is a typical case in which each company, except for the existence of the other insurance, would be liable for the loss. Except for the other insurance, Firemen's would be liable under its policy issued to Courtesy Chevrolet, and Motors Insurance would be liable under its policy issued to Counts. The question is how the liability of the two insurers is affected by the various provisions of the two policies.

Defendant demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. Defendant contends that the complaint is defective because it does not allege that Courtesy Chevrolet, the insured under plaintiff's policy, was also an insured, pursuant to an omnibus clause or other provision under defendant's policy. Plaintiff, on the other hand, contends that the complaint is sufficient because it alleges facts entitling Courtesy Chevrolet to collect from defendant as a third party beneficiary under defendant's policy. If the complaint states a cause of action on any theory, it will be sustained against a demurrer. *Windle Adm'x v. Flinn,* 196 Or 654, 664, 251 P2d 136 (1952).

It must be conceded that the complaint does not allege, directly or indirectly, that Courtesy Chevrolet is an insured under defendant's policy. If that fact is controlling, the case is easily disposed of and should be affirmed. The controlling question, however, is whether Courtesy Chevrolet is a third party beneficiary of defendant's policy. This is recognized by the majority. Instead of deciding that question, however, the majority insists on deciding, as if it were a complex problem, that Courtesy Chevrolet was not an insured under defendant's policy, and rests its opinion on that premise. It thus ignores the controlling issue raised in the briefs.

It is alleged in the complaint that defendant agreed to pay for loss caused by collision to a non-owned automobile in the following language:

"COVERAGE E—COLLISION: To pay for loss caused by collision to the owned automobile or to a non-owned automobile but only for the amount of each such loss in excess of the deductible amount stated in the declarations as applicable hereto. * * *"

The non-owned automobile covered by the above provision is the automobile of Courtesy Chevrolet which was damaged by collision while being driven by defendant's insured, Eddie Lee Counts. The language is specific and free from any ambiguity. The obligation to pay the loss is unequivocal. The company limits its liability to the excess of the amount of the loss over the deductible amount stated in the policy. There is no other limitation, express or implied. No intent to pay the loss only to Counts is expressed or implied. On the contrary, the intention of the company to pay, not to its insured, Counts, but to the owner of the property, Courtesy Chevrolet, is expressed in the following language:

> "The company may settle any claim for loss either with the insured or the owner of the property."

The above language is quoted in the complaint and specifically authorizes the defendant to pay to Courtesy Chevrolet the "loss caused by collision" to its automobile.

Based on the above facts as alleged in plaintiff's complaint, it seems clear that Courtesy Chevrolet could maintain an action as a beneficiary of defendant's policy to require defendant to pay for the loss caused by collision to its automobile while it was being driven by Counts. If this were an action by Courtesy Chevrolet to recover the amount of its loss from defendant, I think the court would unanimously hold that Courtesy Chevrolet could maintain the action.

As stated by the majority, this court has embraced the third party beneficiary rules of § 133, 1 Restatement, Contracts, which read in part:

> "(1) Where performance of a promise in a con-

tract will benefit a person other than the promisee, that person is, except as stated in Subsection (3):

"(a) a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due or supposed or asserted to be due from the promisee to the beneficiary;

"(b) a creditor beneficiary if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary, or a right of the beneficiary against the promisee which has been barred by the Statute of Limitations or by a discharge in bankruptcy, or which is unenforceable because of the Statute of Frauds;

"(c) an incidental beneficiary if neither the facts stated in Clause (a) nor those stated in Clause (b) exist."

In this case the promise of the defendant to pay for any damage sustained by Courtesy's car while in the custody of Counts would satisfy "an actual or supposed or asserted" duty on the part of the promisee, Counts, to reimburse Courtesy for the damage. Under those circumstances Courtesy would be a creditor beneficiary. If the damage to the car occurred under such circumstances that Counts had no "actual or supposed or asserted" duty to reimburse Courtesy, then Courtesy would be a donee beneficiary. In either event Courtesy could maintain an action on the policy.

The overwhelming weight of authority supports the doctrine that a third person may enforce a contract entered into between others for his benefit. 4 Corbin, Contracts § 774 (1951), and Comment Note.— Right of third person to enforce contract between others for his benefit. 81 ALR 1271 (1932). Our cases are in accord with the majority rule. *Reid v. Kier,* 175 Or 192, 210, 152 P2d 417 (1944); *Phez Co. v. Salem Fruit Union,* 103 Or 514, 531, 201 P 222, 205 P 970, 25 ALR 1090 (1922). For a collection of cases upholding the right of the owner of property to maintain an action upon a fire insurance policy taken out by a bailee or warehouseman, see 61 ALR 720 (1929). See, also, *Richartz v. Martin,* 252 Wis 108, 31 NW2d 158 (1948); *Aetna Insurance Company v. Eisenberg,* 294 F2d 301 (8th Cir 1961). For a leading case on the right of a third party materialman to sue on a surety bond executed for the benefit of a contractor, see *Socony-Vacuum Oil Co. v. Continental Casualty Co.,* 219 F2d 645 (2nd Cir 1955). See, also, cases collected in 77 ALR 21, 53 (1932), and 4 Corbin, Contracts §§ 798-804 (1951).

I dissent.

SLOAN, J., concurs in this opinion.