Argued February 2, affirmed March 31, 1971

NORTHWEST AIRLINES, INC., *Appellant, v.*
CROSETTI BROS., INC., *Respondent.*
483 P2d 70

*David C. Landis,* Portland, argued the cause for appellant. With him on the briefs were Gearin, Hollister & Landis, Portland.

*Edwin J. Peterson,* Portland, argued the cause for respondent. With him on the brief were Tooze, Powers, Kerr, Tooze & Peterson and Charles R. Holloway III, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

DENECKE, J.

This is an action for indemnity.

The plaintiff, Northwest Airlines, rented space in the terminal building of the Portland airport from the Port of Portland. The defendant, Crosetti Bros., contracted with the Port to perform the janitorial services for the terminal. A patron of the terminal fell on a foreign substance on the terminal floor at Northwest's ticket counter. She brought an action against the parties in the present case and against the Port. That is the same litigation which was the genesis of *St. Paul Fire & Marine Ins. Co. v. Crosetti Bros., Inc.,* 256 Or 576, 475 P2d 69 (1970). Northwest tendered the

defense of the patron's damage action to Crosetti which refused the tender. The patron's case was settled before trial and Northwest in this action is seeking to recover its contribution to the settlement, its defense costs and its attorney's fees for prosecuting this action. The trial court found for Crosetti and Northwest appeals.

■ In one count Northwest sought to recover upon the basis of implied indemnity, alleging that Crosetti's negligence was "active and primary" as distinguished from Northwest's "passive and secondary" negligence. See *General Ins. Co. v. P. S. Lord Mech. Contrs.*, decided this date, for a discussion of these terms. The depositions of the patron and of another witness in the patron's case were introduced to support Northwest's contention. The trial court found, however, that there was no evidence of liability to the patron against either Crosetti or Northwest. There is evidence to support such finding. For this reason plaintiff cannot recover upon the basis that Crosetti was actively negligent.

Plaintiff's principal ground for recovery is that it is a third-party beneficiary of a contract between the Port and Crosetti whereby Crosetti promised to indemnify against all loss by reason of Crosetti's operations. In *St. Paul Fire & Marine Ins. Co. v. Crosetti Bros., Inc.,* supra, 256 Or 576, we held that the Port, by its insurer, was entitled under this provision to recover its defense costs incurred because of the patron's action. Plaintiff claims it is also entitled to recover under this provision.

The Port entered into a 30-page contract with Crosetti. The contract provides in detail for the various janitorial services to be furnished. The contract

also has provisions common to public contracts regarding payment of wages, maximum hours, etc. The contract has a provision headed "Indemnity," which provides:

"The Contractor does hereby covenant and agree to indemnify and save harmless the Port from all fines, suits, claims, demands and actions of any kind and nature by reason of any and all of its operations hereunder and does hereby agree to assume all the risk in the performance of its services hereunder and shall be solely responsible and answerable in damages for any and all accidents or injuries to persons or property.

"Contractor shall maintain with insurance underwriters satisfactory to the Port a standard form policy or policies of insurance in such amounts as may from time to time be approved by the Port, protecting both the Contractor and the Port against public liability, products liability and property damage. Contractor shall promptly, after the execution of this agreement, furnish such policy or policies for property damage growing out of any one accident or other cause in a sum of not less than Ten Thousand Dollars ($10,000.00); for personal injuries/death growing out of any one accident or other cause with liability of not less than Three Hundred Thousand Dollars ($300,000.00) subject to a limitation of One Hundred Thousand Dollars ($100,000.00) for any one person, such coverage to include products liability. It is understood that the specified amounts of insurance in no way limits the liability of Contractor, and that Contractor shall carry insurance in such amounts so as to indemnify and save harmless the Port from all claims, suits, demands and actions as hereinabove stated. Contractor shall furnish a certificate from the insurance carrier or carriers showing such insurance to be in full force and effect during the term of this contract, or shall deposit copies of the policies which give this coverage with the Port."

The lease between the Port and plaintiff provides that the Port will provide the janitorial service necessary to keep the terminal floor clean. Plaintiff reasons that as the Port had a duty to it to keep the floor clean, the Port contracted with Crosetti to perform this obligation; therefore, Crosetti owed the obligation to keep the floor clean to plaintiff. Plaintiff incurred expenses arising out of Crosetti's performance or lack of performance of its obligation; therefore, under the indemnity provision of the contract Crosetti owes the obligation to reimburse plaintiff for those expenses.

Assuming without in any way deciding that plaintiff is a third-party beneficiary of Crosetti's promise to the Port to keep the floor clean, plaintiff is not a third-party beneficiary of Crosetti's promise to indemnify. Only Crosetti's promise to indemnify is involved. The trial court found Crosetti did not create the condition on the floor nor was it responsible for it. Plaintiff is contending that it is in the same position that the Port was in in *St. Paul Fire & Marine Ins. Co. v. Crosetti Bros., Inc.,* supra, 256 Or 576: Crosetti has an obligation under the contract to indemnify irrespective of any absence of negligence or breach of any other provision of the contract.

■ A contract may consist of a series of promises. That is true of the contract between Crosetti and the Port. Third parties may be beneficiaries of some of these promises and not of others:

> "A single contract may consist of a number of promises. One or more of them may require performance to the promisee; others may require performance to persons not parties to the contract. * * *." 1 Restatement 152-153, Contracts § 133.

*Conrad v. Thompson,* 137 Cal App2d 73, 290 P2d 36 (1955), is an example of this kind of contract. The defendants and one Gilmore entered into a land sale contract for property which the defendants intended to subdivide. The contract contained one promise by the defendants to grant to Conrad, a third party, the exclusive right to sell the subdivided lots. Conrad was found to be the third-party beneficiary of this one promise.[①]

In determining whether plaintiff is a third-party beneficiary of the indemnity provision of the contract between the Port and Crosetti, § 133 of the Restatement of Contracts must be consulted. This court is now committed to the rule as stated by that section. *Johnson v. Doughty,* 236 Or 78, 83, 385 P2d 760 (1963); *Waterway Terminals v. P. S. Lord,* 242 Or 1, 29, 406 P2d 556, 13 ALR3d 1 (1965); *Firemen's Ins. v. Motors Ins.,* 245 Or 601, 604, 609, 423 P2d 754 (1967).

Section 133, Restatement, Contracts, 151-152, states, in part:

"(1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is, except as stated in Subsection (3):

"(a) a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary;

"(b) a creditor beneficiary if no purpose to

---

[①] The court found, however, that Conrad could not enforce the promise for failure of consideration.

make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary, or a right of the beneficiary against the promisee which has been barred by the Statute of Limitations or by a discharge in bankruptcy, or which is unenforceable because of the Statute of Frauds."[2]

To be a creditor beneficiary the performance of indemnity by Crosetti must be to "satisfy an actual or supposed or asserted duty of the promisee [Port] to the beneficiary [plaintiff]." No claim has been made that the Port has a supposed or asserted duty to indemnify plaintiff. The contract of lease between the Port and plaintiff contains no provision whereby the Port agreed to indemnify plaintiff. For this reason plaintiff is not a creditor beneficiary of Crosetti's promise to the Port to indemnify it.

■ To be a donee beneficiary under § 133 (1)(a), it must appear that the Port's intent in obtaining Crosetti's promise to indemnify was to make a gift to plaintiff or to confer a right to indemnity upon plaintiff, which indemnity was not due or claimed to be due by the Port to plaintiff. Neither the terms of the contract nor the circumstances accompanying the formulation of the contract between the Port and Crosetti afford any evidence that the Port intended to confer such right upon Northwest. The indemnity provision in the contract creates a contrary inference; the plaintiff is not named as a beneficiary. This is not necessary, but the failure to name the beneficiary is an in-

---

[2] "(c) an incidental beneficiary if neither the facts stated in Clause (a) nor those stated in Clause (b) exist." An incidental beneficiary acquires no right against the promisor. 1 Restatement, Contracts § 147.

dication that the promisee did not intend to confer a right upon it. *Waterway Terminals v. P. S. Lord,* supra (242 Or at 30).

The insurance portion of the indemnity provision expressly requires that Crosetti obtain liability insurance protecting both Crosetti and the Port. That it does not expressly provide that the insurance protect tenants of the Port as well creates a further inference against plaintiff's contention.

■ We agree with the conclusion of the trial court that Crosetti's promise to indemnify does not inure to the benefit of the plaintiff.

Affirmed.