Argued and submitted July 25, reversed December 5, 1984, reconsideration denied January 25, petition for review allowed by order; remanded to Court of Appeals to determine jurisdiction April 9, 1985 (299 Or 37)
See 73 Or App 346, 698 P2d 981 (1985)

BLUNDELL et al,
*Respondents,*

*v.*

HOLM et al,
*Defendants,*

*and*

NJUST,
*Appellant.*

(A8207-04201; CA A30172)

692 P2d 145

Paul D. Schultz, Oregon City, argued the cause for appellant. With him on the brief was Hibbard, Caldwell, Bowerman, Schultz & Hergert, Oregon City.

William David Bailey, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The issue is whether plaintiffs are entitled to a judgment against defendant Njust as third-party beneficiaries of an agreement between defendants Holm and Njust, both attorneys. After a trial to the court, the trial court found that plaintiffs were third-party beneficiaries and entered judgment in their favor against Njust. We reverse, because plaintiffs were mere incidental beneficiaries of the agreement and, as such, had no right of action against Njust.

Holm was the purchaser of certain real property from Njust's clients under two land sale contracts. He defaulted. Settlement negotiations then began between Holm and Njust. They tentatively agreed that Holm would satisfy the balance due by assigning to Njust's clients a certain real estate contract and by paying the remaining balance in cash and that Njust would then deliver clear title to the property.

In January, 1979, Holm sent Njust $4,500 to show that he was negotiating in good faith. In May or June, 1979, Holm approached plaintiffs about making a "mortgage investment" in the property he was purchasing from Njust's clients. He proposed that, if plaintiffs would loan him $13,500, he would give them a promissory note secured by a first trust deed on the property. Holm intended to use the money to settle his dispute with Njust's clients.

On June 28, 1979, plaintiffs sent $13,500 to defendant Mortgage Connections, Inc. (MCI), a mortgage company of which Holm was the sole stockholder and managing officer, with instructions to MCI to disburse the money to Holm when:

"1.  Note, First Trust Deed and Collection Agreement are executed by Roger V. Holm;

"2.  You are prepared to have issued a title insurance policy insuring marketable title after the First Trust Deed is recorded subject to existing easements and condominium restrictions of record;

"3.  You have received a fire insurance binder showing our interest which was ordered by MCI."

Settlement negotiations between Holm and Njust continued. Holm informed Njust that he had borrowed the funds necessary to finalize the settlement and that they would

be disbursed when Njust presented a clear title to the land to Holm. Holm intended to set up the trust deed arrangement with plaintiffs upon receiving clear title from Njust. There is some evidence that Holm told Njust of his intentions.

Njust's clients, however, apparently did not trust Holm and did not believe that he had the money. In response to their concerns, Holm agreed to transfer the money to Njust's trust account. Subtracting the $4,500 he already had paid Njust from the approximate balance due, Holm sent Njust $8,651.29 of the money plaintiffs had loaned him. In the letter accompanying the payment, Holm requested clear title to the property. Holm then took an additional $4,500 from the plaintiff's loan to repay himself the money that he had sent Njust earlier.

It is unnecessary to detail what followed. In summary, Njust disbursed the $13,151.29 he had received from Holm to his clients and did not convey clear title to the property as promised. Therefore, plaintiffs never received their first trust deed on the property. Holm defaulted on the unsecured promissory note he had in the meantime given plaintiffs.

Plaintiffs brought this action against Holm, MCI and Njust to recover their money. Holm and MCI declared bankruptcy shortly after the complaint was filed. Plaintiffs proceeded solely against Njust under the theory that they were third-party beneficiaries of Njust's promise to convey clear title to Holm. The trial court found that plaintiffs were third-party beneficiaries of the settlement agreement between Holm and Njust, because Njust knew that the money used by Holm to finalize the settlement had come from a third party, and entered judgment for plaintiffs.

In *Johnston v. The Oregon Bank*, 285 Or 423, 429, 591 P2d 746 (1979), the Supreme Court indicated it would follow the Restatement of Contracts § 133, at 151-52 (1932), in analyzing third-party beneficiary problems. The Restatement provides:

"(1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is, except as stated in Subsection (3):

"(a) a donee beneficiary if it appears from the terms of

the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary;

"(b)   a creditor beneficiary if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances *and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary,* or a right of the beneficiary against the promisee which has been barred by the Statute of Limitations or by a discharge in bankruptcy, or which is unenforceable because of the Statute of Frauds;

"(c)   an incidental beneficiary if neither the facts stated in Clause (a) nor those stated in Clause (b) exist." (Emphasis supplied.)

It follows that, if plaintiffs were the intended beneficiaries of the Holm-Njust agreement at all, they were creditor beneficiaries. However, they were not creditor beneficiaries of the agreement, because performance of Njust's promise to convey clear title to Holm would not have satisfied Holm's duty to execute a first trust deed for plaintiffs. Although performance by Njust would have enabled Holm to satisfy his obligation to plaintiffs, Njust's performance would not have satisfied Holm's obligations. Holm, after acquiring clear title, still would have had to execute a first trust deed for plaintiffs. Plaintiffs were incidental beneficiaries of the agreement. As such, they had no right of action against Njust. *See Johnston v. The Oregon Bank, supra.*

Reversed.[1]

---

[1] Because of our disposition of the case, we do not reach Njust's other assignments of error.