Argued and submitted July 22, 1985, affirmed April 30, reconsideration denied
June 20, petition for review denied August 26, 1986 (301 Or 667)

# STAYTON COOPERATIVE TELEPHONE COMPANY,
## *Appellant,*

*v.*

# LOCKHEED ELECTRONIC CO., INC.,
## *Respondent.*

## (141289; CA A33684)

717 P2d 1283

J. Randolph Pickett, P.C., Portland, argued the cause and filed the briefs for appellant.

Mildred J. Carmack, Portland, argued the cause for

respondent. With her on the brief were Ancer L. Haggerty and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

**NEWMAN, J.**

Plaintiff, a telephone utility, appeals a judgment for defendant, a computer manufacturer. Plaintiff claimed damages for breach of contract as a third party beneficiary of a written dealer purchase agreement dated August 11, 1976, between defendant and its dealer, Columbia Computer Corporation (Columbia), and of certain subsequent oral agreements. Plaintiff's complaint alleged, and defendant's answer denied, that

> "[i]t was the intention of defendant and [Columbia] in entering into the aforementioned agreements, that the prospective purchasers of equipment from [Columbia] be beneficiaries of said agreements *whereby defendant would enable [Columbia] to discharge contractual duties owing to purchasers of equipment* by providing current and updated modifications through the Lockheed System III." (Emphasis supplied.)

The court granted defendant's motion for a directed verdict at the close of plaintiff's evidence.[1] ORCP 60. We affirm.

In November, 1976, plaintiff purchased a Lockheed System III Computer from Columbia to use for its billings and accounts receivable. Columbia had purchased the computer from defendant under the dealer purchase agreement. Because of problems with the software, the computer did not perform satisfactorily for plaintiff. Ultimately, plaintiff bought a replacement computer from a third party and suffered a substantial loss.

Plaintiff's first assignment is that the court erred when it granted the directed verdict. Plaintiff's brief points to no evidence in the record of an oral agreement between defendant and Columbia, and we will not search the record for evidence. In its brief it argues only that it is a third party beneficiary on the basis of the written agreement. Accordingly, if plaintiff was entitled to go to the jury on a third party beneficiary claim, it can only be as beneficiary of the written agreement.

---

[1] Count I of plaintiff's complaint alleged that defendant, a computer manufacturer, breached a computer maintenance agreement with plaintiff. Count II is the third party beneficiary claim that is the subject of this appeal. The court granted defendant's motions for a directed verdict on both counts. Plaintiff does not challenge the directed verdict on Count I.

The written agreement recites that Columbia, as dealer, is

"[o]ne who adds products to those products he purchases to create a final product, sometimes referred to as a 'turnkey' product, which he will then sell or lease to his customer, who is typically referred to as the 'end user'. The Dealer agrees to establish and/or maintain a business establishment which provides the means for the promotion, sale, and technical support of those Lockheed System III products which he has purchased from [defendant] and will sell to the end user."

The agreement described a warranty of the hardware which

"extends to Purchaser only and not to Purchaser's customers or users of Purchaser's equipment. [Defendant] shall in no event be liable to Purchaser or Purchaser's customers for any incidental or consequential damages, or loss of use or other commercial loss, however occasioned. Any modification of the hardware by the Purchaser or Purchaser's customers voids this hardware warranty."

It also contained a warranty as to the "basic system software":

"[Defendant], for 90 days after the delivery of the basic system software to the Purchaser, warrants that it will functionally operate with current, standard * * * hardware systems [of defendant]. During and after this period, [defendant] reserves the right to modify the software to improve or correct its performance. This warranty assumes that no unauthorized modifications of the software have been made by the Purchaser or third parties. Such modifications will void [defendant's] obligation to insure functional operation of the software."

Plaintiff acknowledges that the agreement's hardware warranty only protects Columbia. It also makes no claim under the 90-day warranty for the basic software system. Instead, it relies on these provisions of the agreement:

"[Defendant] will provide, at the price indicated in the then current Dealer Price List, a software update service. This service will provide continued updating and modification of system software to allow continued improvement of system operation and correction of software errors.

"During the period when the software service is in effect, the Purchaser will notify [defendant] of any alleged failure of the system software. The written report must contain the

system configuration, operational procedure used, consistency of failure, the methods used to isolate the failure, and other data to enable [defendant] to duplicate the failure so that corrective action may be taken. Additional data such as listings, memory dumps, control cards, and copies of the operator's log may be required to aid in software diagnosis.

"[Defendant] agrees to respond to the Purchaser's notification as quickly as possible and take action in identifying and correcting the system software which is found to be in error. This software service does not include those applications packages or other software provided by other than [defendant]. Modifications to the system software made by the Purchaser or others, which have not been specifically approved in writing by them may void [defendant's] responsibility to correct the software provided under this service.

"THIS WARRANTY IS EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES EXPRESSED OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS."

The construction of a contract is a question of law for the court. ORS 42.230; *May v. Chicago Insurance Co.*, 260 Or 285, 490 P2d 150 (1971). When a contract is ambiguous or contains technical words or terms of art, however, the court may admit evidence to show its meaning. ORS 42.250; *Busto v. Manufacturers Life Ins. Co.*, 276 Or 707, 556 P2d 96 (1976); *Libby Creek Logging, Inc. v. Johnson*, 225 Or 336, 358 P2d 491 (1960). Here, the agreement was neither ambiguous nor technical.

To determine whether a plaintiff is a third party beneficiary of an agreement, the Supreme Court has said that "§ 133 of the Restatement of Contracts must be consulted." *Northwest Airlines v. Crosetti Bros.*, 258 Or 340, 345, 483 P2d 70 (1971). The Restatement[2] recognizes two types of third party beneficiaries:

"a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some

---

[2] The parties do not refer to *Restatement (Second) Contracts,* § 302 (1979), which restates third party beneficiary concepts. The result, however, in this case would be the same, regardless of which version is followed.

performance neither due nor supposed or asserted to be due from the promisee to the beneficiary";

and

"a creditor beneficiary if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary, or a right of the beneficiary against the promisee which has been barred by the Statute of Limitations or by a discharge in bankruptcy, or which is unenforceable because of the Statute of Frauds." *Restatement of Contracts,* § 133 (1932).

■ ■ Plaintiff argues that, because it offered evidence showing that Columbia intended to obtain a benefit for its customers when it entered into the agreement with defendant, it is entitled to enforce that agreement as a third party beneficiary. We disagree. There is no evidence that, at the time that Columbia entered into its agreement with defendant, it was under a duty or obligation, "actual or supposed or asserted," to plaintiff which it intended to discharge by that contract. Accordingly, we hold that plaintiff was not a "creditor beneficiary." *Johnston v. The Oregon Bank,* 285 Or 423, 431, 591 P2d 746 (1979). There is also no evidence, either in the written agreement or in the circumstances accompanying its formation, to support plaintiff's claim as a "donee beneficiary." There is no evidence that Columbia entered into the written agreement for the purpose of making, or with the intent to make, gifts to its customers or to confer legal rights upon them. *Northwest Airlines v. Crosetti Bros., supra,* 258 Or at 346. Accordingly, the court did not err when it directed a verdict for defendant.[3]

■ In its second assignment, plaintiff asserts that the court erred in excluding testimony offered to interpret the written agreement. As noted, the written agreement was

---

[3] In explaining its decision, the court referred to the provision in the agreement that defendant would provide a software update service at "the price indicated in the then current Dealer Price List." Plaintiff argues that the court ruled against it on a theory of "failure of consideration" and that the court erred, because defendant did not affirmatively plead "failure of consideration." The court, however, referred to the contractual provision only as evidence that defendant and Columbia did not intend to confer a direct benefit on Columbia's customers and that defendant had no duty to provide a software update service in the first instance.

neither ambiguous nor so technical as to require the court to hear parol evidence. The court did not abuse its discretion in excluding the testimony.

In its third assignment, plaintiff argues that the court erred in excluding evidence relevant to defendant's breach of its duty to plaintiff under the dealer purchase agreement. In the light of our disposition of its first assignment, plaintiff's third assignment of error is also without merit, because defendant owed no duty to plaintiff under that agreement.

Affirmed.