59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John L. SHELSTAD; Charles E. Minshew; Keith A. Watson,
Plaintiffs-Appellants,
v.
WEST ONE BANK, fka the Idaho First National Bank, a national
banking association; West One Bancorp, fka Moore
Financial Group, Inc., et al.,
Defendants-Appellees.
 No. 94-35275.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1995.
Decided June 28, 1995.
As Amended Sept. 27, 1995.
 
 Before: WRIGHT, SKOPIL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The court rejected plaintiffs' motion to remand the case to state court and denied their recusal motion. It also dismissed plaintiffs' claims and awarded fees to defendants. Plaintiffs appeal. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, remand in part and award fees.
 
 1. REMOVAL
 
 3
 Although the amended removal petition was untimely under 28 U.S.C. Sec. 1446(b), that 30 day limit is a formality that may be waived and it is not a jurisdictional barrier. Fristoe v. Reynolds Metal Co., 615 F.2d 1209, 1212 (9th Cir.1980). The court was required to remand to state court only if it lacked subject matter jurisdiction. 28 U.S.C. Sec. 1447(c). It had jurisdiction under 28 U.S.C. Sec. 1331 and did not err in waiving the time limit. See Eyak Native Village v. Exxon Corp., 25 F.3d 773, 777 (9th Cir. 1994) (denial of motion to remand is reviewed de novo).[1]
 
 2. DISMISSAL OF CLAIMS
 
 4
 We review de novo a dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Everest and Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir. 1994). And we review standing de novo. Crow Tribe of Indians v. Campbell Farming Corp., 31 F.3d 768, 769 (9th Cir. 1994).
 
 
 5
 Johnston v. Oregon Bank, 591 P.2d 746 (Or. 1979), is instructive as to breach of guaranty claims. There, the court held that:
 
 
 6
 [T]he bank does not have an obligation to plaintiff based upon his guaranty to it for the kind of damages now in issue because such damages did not flow from the breach of the guaranty agreement. The damages would have occurred to plaintiff just the same in the absence of any guaranty. The damage to plaintiff resulted from plaintiff's interest in the lumber company as well as his contractual relations with other creditors and from the lumber company's bankruptcy and inability to pay its obligations, which bankruptcy was, in turn, caused by the bank's breach of its agreement with the lumber company or was the result of business relations with others for the lumber company's benefit. It was not the result of his guaranty to the bank.
 
 
 7
 Id. at 748. As in Johnston, the damage alleged by plaintiffs could only be the result of breach of the loan agreements, and not breach of the guarantees. The court properly dismissed the claim for breach of the guarantees.
 
 
 8
 The Idaho courts have never recognized duress as an affirmative cause of action and they have not indicated that they would do so. Furthermore, the majority rule is that duress is not an affirmative cause of action. Prosser & Keeton On Torts, Sec. 18 at 121 (5th ed. 1984). The court properly dismissed the duress claim.
 
 
 9
 A shareholder or guarantor lacks standing to assert fraud or RICO claims where the harm alleged is derivative of harm to the corporation. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988). Plaintiffs have failed to show injury distinct from that to other shareholders or the existence of a special duty owed to them by the Bank. See id. The court properly found a lack of standing.
 
 3. RECUSAL
 
 10
 a. On February 1, 1993, during a conference in chambers, plaintiffs notified Judge Lodge that his brother and nephew were employees of West One. Judge Lodge acknowledged that his brother was an agricultural representative for the bank and that his nephew was a loan officer. Further, Judge Lodge indicated that his sister-in-law, Sandra Lodge, had worked for West One, but that he did not know the nature of her position or whether she still worked for the Bank. Judge Lodge granted plaintiffs' request for further discovery on the matter.
 
 
 11
 Plaintiffs deposed Sandra Lodge on March 12, 1993. She indicated that she had been a vice-president of West One until 1991.
 
 
 12
 Plaintiffs assert that during an off-the-record conference in chambers on October 22, 1993, they raised the recusal issue again. Nothing indicates that plaintiffs there informed the judge about his sister-in-law's former position with West One.
 
 
 13
 On November 2, 1993, Judge Lodge dismissed plaintiffs' complaint. On November 5, 1993, plaintiffs filed a motion requesting that Judge Lodge recuse himself and that his prior orders be vacated. One of the grounds plaintiffs listed was that Sandra Lodge had been a vice-president of West One.
 
 
 14
 b. Failure to recuse after the February 1 conference
 
 
 15
 During the February 1, 1993, conference in chambers, plaintiffs notified Judge Lodge that some of his relatives worked for West One, triggering his duty to determine whether recusal was proper under Sec. 455(a). Based on the information before him, Judge Lodge determined that recusal was not required. United States v. Sibla, 624 F.2d 864, 867-68 (9th Cir. 1980).
 
 
 16
 Because plaintiffs never moved for recusal during the February 1 conference,[2] they "bear a greater burden on appeal in demonstrating that the judge committed reversible error in failing to grant recusal under section 455." Id. at 868. Cf. United States v. Schreiber, 599 F.2d 534 (3d Cir.) (using the plain error standard), cert. denied, 444 U.S. 843 (1979). The information presented at the February 1 conference did not present "obvious grounds for recusal under section 455 ...." Sibla, 624 F.2d at 868. Consequently, Judge Lodge's failure to recuse himself was not reversible error.
 
 
 17
 c. Denial of plaintiffs' recusal motion
 
 
 18
 Although 28 U.S.C. Sec. 455 is self-enforcing on the part of the judge, a party having information that raises a possible ground for disqualification may not wait until after an unfavorable judgment to bring the information to the judge's attention. E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1295 (9th Cir. 1992). A recusal motion must be made with reasonable promptness after the ground for such a motion is ascertained. Id. (citation and internal quotations omitted). Plaintiffs did not move for disqualification until nearly eight months after they ascertained the grounds set forth in their motion and after the court dismissed their claims. Not until then did they fully explain why Judge Lodge should have recused himself. The court did not abuse its discretion in finding the motion untimely and denying relief from its prior orders dismissing the claims. See Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993).
 
 
 19
 Judge Lodge abused his discretion, however, by failing to recuse himself when the motion was finally filed. He was then fully apprised of the grounds for recusal. A reasonable person would question his impartiality because his brother, sister-in-law and nephew were employees of West One at one time or another while this case was before him. 28 U.S.C. Sec. 455(a).
 
 4. ATTORNEY'S FEES
 
 20
 Because the judge abused his discretion in failing to recuse himself when the motion for recusal was filed, we vacate his subsequent order awarding attorney's fees to defendants. We remand this question to a different judge. We do this to prevent "undermining the public's confidence in the judicial process." Liljeberg v. Health Srvcs. Acquisition Corp., 486 U.S. 847, 864 (1988).
 
 
 21
 As to fees on appeal, because defendants are the prevailing parties, they will be awarded attorney's fees. Spidell v. Jenkins, 727 P.2d 1285, 1289 (Idaho App. 1986).
 
 
 22
 AFFIRMED in part and REMANDED in part.
 
 
 23
 SKOPIL, Senior Circuit Judge, concurring in part and dissenting in part:
 
 
 24
 I agree that Judge Lodge abused his discretion by failing to recuse himself. Therefore, I concur with the majority's decision to reverse and remand the award of attorney's fees. I disagree, however, with the majority's conclusion that Judge Lodge was not required to recuse himself until after the filing of plaintiffs' written motion.
 
 
 25
 The record shows that plaintiffs learned in late 1992 that some of Judge Lodge's relatives were employed by defendants. Plaintiffs presented their concerns and requested discovery during a meeting with the judge and opposing counsel on February 1, 1993. Judge Lodge acknowledged at this meeting that his brother, and nephew worked for defendants. Judge Lodge also indicated that his sister-in-law had worked for defendants, but that he was not sure of her position or whether she was still employed there. There was another meeting between the parties and the judge in October 1993, which was off the record, but apparently also concerned recusal. Judge Lodge dismissed plaintiffs' claims shortly after this second meeting. Plaintiffs filed a motion three days later to recuse Judge Lodge on the ground that his sister-in-law was a vice president of the bank, his nephew was a loan officer of the bank, and his brother was also employed by the bank.
 
 
 26
 The majority concludes that this information presented "potential" but not "obvious" grounds for recusal pursuant to 28 U.S.C. Sec. 455. I disagree. Section 455 provides:
 
 
 27
 (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
 
 
 28
 (b) He shall also disqualify himself in the following circumstances:
 
 
 29
 * * *
 
 
 30
 * * *
 
 
 31
 (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:
 
 
 32
 (i) is a party to the proceeding, or an officer, director, or trustee of a party.
 
 
 33
 These sections are self-enforcing by a judge, and accordingly require no motion by a party. United States v. Sibla, 624 F.2d 864, 867-69 (9th Cir. 1980). When a party has information raising a possible ground for recusal, however, we require that party to file a motion to recuse "with reasonable promptness after the ground for such a motion is ascertained." E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1295 (9th Cir. 1992) (internal quotation omitted). The purpose is to prevent litigants from using recusal motions for strategic purposes. Id. Thus, when a party knows of a possible ground for recusal but fails to inform the judge until after an adverse ruling is rendered, we have found such motions untimely and denied relief. See, e.g., id.; United States v. Conforte, 624 F.2d 869, 879-80 (9th Cir.), cert. denied, 449 U.S. 1012 (1980).
 
 
 34
 The present case is in contrast to those cases, where the grounds for recusal were revealed to the court for the first time in the parties' motions. While plaintiffs here did not file a recusal motion immediately upon learning of the ground supporting recusal, and indeed not until the judge rendered an adverse ruling, plaintiffs nevertheless apprised Judge Lodge of the ground for recusal within a reasonable time of its discovery and before the judge's adverse ruling. This notice was sufficient to trigger Judge Lodge's responsibility to inquire independently whether recusal was required. See Sibla, 624 F.2d at 868-69. Consequently, I believe the proper course is to consider whether Judge Lodge erred by failing sua sponte to recuse himself.
 
 
 35
 Defendants argue that sua sponte recusal pursuant to section 455(b)(5)(i) was not warranted by the fact that Judge Lodge's relatives were employed by the bank. It is not necessary to examine the precise contours of section 455(b)(5)(i), however, because section 455(a) provides that the mere appearance of partiality requires recusal. "The standard for judging the appearance of partiality requiring recusal under 28 U.S.C. Sec. 455 is an objective one and involves ascertaining whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Preston v. United States, 923 F.2d 731, 734 (9th Cir. 1991) (internal quotation omitted). Judge Lodge acknowledged at the February conference that his relatives were employed by defendants. The information relevant to determining whether recusal was required was either within the judge's knowledge at that time or within easy reach. Therefore, I disagree that Judge Lodge was not aware of obvious grounds until after the written motion was filed. I would reverse all of Judge Lodge's rulings and remand for further proceedings before a different judge.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This conclusion moots the two issues regarding the original removal petition
 
 
 [2]
 Plaintiffs contend that Judge Lodge denied oral requests for recusal on two prior occasions, but the record shows that plaintiffs' actions never amounted to a request. Rather, discovery on the issue was discussed in proceedings before the court on February 1, 1993, and Judge Lodge there refrained from recusing himself. The October 22, 1993, conference was held off the record