Hillsborough,
April 7, 1936.

BERTHA BOSSE *v.* WOLVERINE INSURANCE CO.

A bill of exceptions was allowed by *Scammon*, J.

*Sullivan & Sullivan* (*Mr. Thomas E. Dolan* orally), for the plaintiff.

*Thorp & Branch* (*Mr. Branch* orally), for the defendant.

PAGE, J. The findings that the defendant's counsel misunderstood the scope of the trial and that they insisted at the hearing upon their rights to the determination of their motion to dismiss as a preliminary question of law, together with the further finding that they desired, if that motion was overruled, to offer testimony at a hearing on the merits, establish beyond question the conclusion that during the proceedings they waived no rights claimed under the motion to dismiss. The refusal of the defendant to produce evidence upon the merits, after it was learned that the court had assumed to decide the merits as well as to dismiss the bill, was consistent with an intent, from first to last, to insist that a court of equity had no jurisdiction whatever of the subject-matter.

The defendant did not agree during the proceedings to waive trial by jury (as in *Trainor* v. *Heath*, 67 N. H. 384). It did not acquiesce in some unusual and irregular procedure without objection or exception (*Morin* v. *Insurance Co.*, 85 N. H. 471, 472.) It did not agree to submit evidence otherwise than by testimony (*Scammon* v. *Scammon*, 28 N. H. 419, 432), nor did it elect to submit the decision of an issue of fact upon non-testimonial statements of counsel (*State* v. *Corron*, 73 N. H. 434, 462; *Vidal* v. *Errol*, 86 N. H. 585, 586). The defendant cannot be found to have waived its right to have a determination of the questions of law raised by the bill of exceptions.

I. It will be convenient first to inquire whether the plaintiff has a complete and adequate remedy at law. The defendant relies upon the supposed common-law right of action available to the plaintiff under the provisions of Laws 1927, *c.* 54, *s.* 6. By that section every motor vehicle liability policy issued thereunder is made subject to the provision that, upon the recovery of final judgment against any judgment debtor insured against liability, "the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the

judgment." The liability of the insurer "shall become absolute whenever loss or damage covered by said policy occurs, and the satisfaction by the insured of a final judgment for such loss or damage shall not be a condition precedent to the right or duty of the company to make payment on account of said loss or damage." The "motor vehicle liability policy shall be subject to [these] . . . provisions, which need not be contained therein."

There is a clear legislative intent that the contract of insurance shall lay upon the insurer the duty to pay to the judgment creditor so much of the judgment as may be within the coverage of the policy. This duty, and the corresponding right of the judgment creditor to collect from the insurer, are not intended to depend upon the doctrine of subrogation, but upon the contract of indemnity.

Since the defendant itself raises the question, we may regard the policy issued to Bosse as one written to cover him in conformance with the provisions of Laws 1927, c. 54. See *American &c. Co.* v. *Corporation*, 87 N. H. 374, 376. Consequently, it may be assumed that the plaintiff has a right under the contract, as against the defendant, to the extent that liability for the accident in question is covered.

The legislature has not, however, prescribed the form of action by which the judgment creditor may enforce his right against the insurer. Consequently the plaintiff must resort to such procedure as has heretofore been available to the beneficiaries of express contracts. The plaintiff is not a named beneficiary. By no permissible stretch of construction can she be regarded as a party to the contract. It was declared many years ago that one not a party to an express contract cannot, though a beneficiary, recover thereon in an action at law. *Butterfield* v. *Hartshorn*, 7 N. H. 345, 347. Where a third party is the unnamed beneficiary of an indemnity agreement, his remedy against the indemnitor has always been held to lie in equity. *Holt* v. *Bank*, 62 N. H. 551; *Hunt* v. *Association*, 68 N. H. 305, 306, 308, 309; *Sanders* v. *Insurance Co.*, 72 N. H. 485, 501; *Lombard* v. *Company*, 78 N. H. 110; *Toner* v. *Long*, 79 N. H. 458. In view of the three-party interests involved and the possibility that the insurer may have a valid defence against the insured, equity is the appropriate forum for the determination of the right of the beneficiary to enforce the contract. 1 Williston, Contracts, ss. 358, 359.

It must have been the intention of the legislature, in providing no particular remedy for the use of the injured third party, to leave persons in the plaintiff's position to the recognized equitable remedy. When, therefore, the defendant wrote the policy for Bosse, conform-

able to the statute, it may be taken to have agreed to submit the plaintiff's case to the determination of a court of equity.

The motion to dismiss was properly denied.

II. It seems unnecessary to consider at length the exception relating to the alleged error of the court in treating the bill as a petition for a declaratory judgment. It is far from clear that it was so considered. We think it was treated for what it is—a bill in equity to enforce an alleged liability of the defendant. The plaintiff was entitled to a hearing on the merits.

III. The defendant also was entitled to a hearing on the merits. It did not understand that the merits were to be determined in the hearing actually held. In view of its insistence upon a preliminary hearing upon the motion to dismiss, expressed clearly enough for the court to understand its position, the defendant cannot be found at fault for the misunderstanding that resulted in a decision of the bill upon its merits. The defendant has not had its day in court upon the merits.

The refusal of the defendant to produce testimony after the decision was filed amounted to no more than insistence upon its right to consider what had happened as no more than the hearing it had claimed upon the preliminary question of law which we have now determined in favor of the plaintiff. The merits still remained to be considered even after the court had determined them without the defendant being heard thereon. An offer by the court to hear the defendant's witnesses, after he had decided the issue without hearing the witnesses, was not one which, if accepted, would have resulted in an orderly hearing. The defendant had a right to an orderly hearing, and it would have waived that right if it had acceded to the court's offer. The defendant is entitled to that hearing now.

The exceptions to the rulings upon jurisdictional questions are overruled. Those to the findings and rulings on the merits are sustained.

*Exceptions sustained in part.*

BRANCH, J., did not sit: the others concurred.