Rockingham
No. 82-442

ARLINGTON TRUST COMPANY

v.

ESTATE OF THOMAS H. WOOD

August 31, 1983

*Steinberg, Shaker, Lewis & James*, of Lawrence, Massachusetts (*John A. James, Jr.*, on the brief), by brief for the plaintiff.

*Romprey, Beaumont & Mason P.A.*, of Salem (*Bernard H. Campbell* on the brief), by brief for the defendant.

Bois, J.   This is an interlocutory transfer without ruling from the Superior Court (*Bean,* J.). The principal issue for our determination is whether the plaintiff, Arlington Trust Company, has standing to sue. We hold that the action should be dismissed for lack of standing.

The underlying facts of the case are not in dispute. In July 1978, Thomas and Judith Wood were divorced by decree of the New Hampshire Superior Court. A stipulation incorporated in the decree required Thomas Wood to maintain a life insurance policy, with the plaintiff as the named trustee, for the benefit of the parties' two minor children. Accordingly, in the fall of 1978, Dr. Wood executed an *inter vivos* trust instrument, establishing the plaintiff as trustee of a $100,000 insurance policy on his life. The trust instrument specifically provided that Dr. Wood had the right, without the consent of the trustee, to withdraw the life insurance policy, to convert it into other forms of insurance, or to permit it to lapse.

In December 1980, Thomas Wood was killed in an automobile accident. *See generally In re Estate of Wood,* 122 N.H. 956, 957, 453 A.2d 1251, 1251 (1982). When the plaintiff trustee sought to collect the proceeds of the life insurance policy in March 1981, it discovered that the policy had lapsed due to Dr. Wood's failure to pay the premiums. The plaintiff first learned in July 1981 of the stipulation in the Woods' divorce decree. In October 1981, the plaintiff brought suit against Dr. Wood's estate to recover damages for his failure to maintain the policy. The defendant filed a motion to dismiss for lack of standing, and the superior court then transferred the case to this court.

■   The plaintiff claims that it has standing to sue in its capacity as trustee under the trust instrument and as a third-party beneficiary of the stipulated provision in the Woods' divorce decree. As we noted above, the trust instrument specifically gave Dr. Wood the right to allow the life insurance policy to lapse. Thus, it is clear that the plaintiff trustee had no cause of action under the trust instrument for non-payment of premiums by Dr. Wood.

■■   In addition, we hold that the plaintiff could not sue as a third-party beneficiary of the divorce decree. The third-party beneficiary doctrine is an exception to the general rule that a non-party to a contract has no remedy for breach of the contract. 2 WILLISTON ON CONTRACTS § 347, at 792–93 (3d ed. Jaeger 1959); *see Tamposi Associates v. Star Mkt. Co.,* 119 N.H. 630, 632, 406 A.2d 132, 134 (1979); *Lockwood v. Dickey,* 83 N.H. 365, 366, 142 A. 689, 690 (1928). We have stated that a third-party beneficiary relationship exists if: (1) the contract requires the promisor to satisfy an obligation owed

by the promisee to a third party; or (2) the contract gives the promisor reason to know that the promisee has entered into the agreement, at least in part, in order to benefit a third party. *Tamposi Associates v. Star Mkt. Co.*, 119 N.H. at 633, 406 A.2d at 134; *see Spherex, Inc. v. Alexander Grant & Co.*, 122 N.H. 898, 903, 451 A.2d 1308, 1311 (1982).

The provision in the Woods' divorce decree for establishment of the trust did not satisfy these conditions. The record shows that the promisee, Mrs. Wood, neither owed any obligation to the plaintiff, nor intended that the life insurance trust be established for the plaintiff's benefit. On the contrary, the stipulated provision for establishment of the trust was intended to benefit the parties' minor children, whose rights we do not determine in this opinion. *See Stebbins v. Stebbins*, 121 N.H. 1060, 438 A.2d 295 (1981). The mere fact that the plaintiff was due to receive a pecuniary benefit, in the form of administrative fees, through performance of the contract does not give it a remedy for breach of contract. *Pstragowski v. Metropolitan Life Ins. Co.*, 553 F.2d 1, 4–5 (1st Cir. 1977); *see Tamposi Associates v. Star Mkt. Co.*, 119 N.H. at 633, 406 A.2d at 134–35.

As a result, we conclude that the plaintiff bank does not have standing, either as trustee or as a third-party beneficiary, to enforce the decedent's promise to create the life insurance trust. We hold that the plaintiff's suit should be dismissed.

*Remanded.*

All concurred.