Hillsborough
No. 90-446

NUMERICA SAVINGS BANK, F.S.B.

v.

THE MOUNTAIN LODGE INN, CORP.
AND
JOHN E. PEARSON, INTERVENOR

July 26, 1991

*Sheehan, Phinney, Bass & Green P.A.* of Manchester (*Douglas G. Verge* and *Daniel J. Lynch* on the brief, and *Mr. Verge* orally), for the plaintiff.

*Wadleigh, Starr, Peters, Dunn & Chiesa,* of Manchester (*Dean B. Eggert* and *Peter R. Chiesa* on the brief, and *Mr. Eggert* orally), for the intervenor.

JOHNSON, J.   John E. Pearson, intervenor in a suit between Numerica Savings Bank, F.S.B. (Numerica) and the Mountain Lodge Inn, Corp. (Mountain Lodge), appeals the Superior Court's (*Groff,* J.) dismissal of his complaint for lack of standing, ripeness, and third party beneficiary status. We affirm.

The facts of this case are as follows. Pearson is a 50% shareholder of Mountain Lodge. On December 4, 1986, Numerica and Mountain Lodge entered into a revolving construction loan agreement to finance Mountain Lodge's "Nordic Inn" condominium project in Lincoln. The parties also executed a revolving demand note, secured by a mortgage and security agreement, and agreed to use the Nordic Inn property as collateral. At the same time, Pearson and four others signed a personal guaranty of the loan agreement. The guaranty is contained in an instrument separate from those containing the demand note, the mortgage and security agreement, and the construction loan agreement, and requires Numerica to "initiate and pursue its remedies under the [other] Instruments before being entitled to payment from the [guarantors.]" In addition, Numerica allegedly agreed on April 21, 1989, to provide competitive end-loan financing for purchasers of the Nordic Inn condominium units.

Mountain Lodge eventually defaulted on its construction loan, and subsequently protested Numerica's foreclosure. Numerica then sought equitable relief in order to gain access to the property in aid

of its foreclosure proceedings, and requested its costs and attorney's fees. Mountain Lodge then brought a counterclaim against Numerica, alleging that the bank: (1) reneged on its commitment to provide competitive end-loan financing, thus discouraging prospective purchasers from buying Nordic Inn condominium units and eventually causing Mountain Lodge to default on its construction loan agreement; and (2) was conducting the foreclosure in a commercially unreasonable manner. The Superior Court (*Mangones*, J.) nevertheless allowed Numerica to proceed with the foreclosure. Although the proceeds of the sale were insufficient to satisfy Mountain Lodge's debt to Numerica, Numerica has not yet sued Pearson on the guaranty.

Pearson, meanwhile, was granted intervenor status in Numerica's suit, and filed a two-count complaint against Numerica similar to the one filed by Mountain Lodge. The first count, entitled "Breach of Fiduciary Duty," alleges that Numerica owed Pearson, as guarantor of Mountain Lodge's debt, a duty of good faith and due diligence equivalent to that of a fiduciary. Moreover, the complaint alleges that Numerica breached that duty, causing Pearson "irreparable financial damage," by conducting the foreclosure sale in a commercially unreasonable manner and by reneging on its agreement to provide competitive end-loan financing. The count ends with a prayer for rescission of the guaranty and for damages.

The second count of Pearson's complaint is entitled "Breach of Contract." It alleges that Pearson is a third party beneficiary of the end-loan financing contract between Numerica and Mountain Lodge, because of Pearson's position as guarantor. Consequently, the count alleges, Pearson is entitled to damages to compensate the "severe and irreparable harm" he suffered as a result of Numerica's breach of that contract.

Pearson later moved to amend his complaint to contain a third count, entitled "Breach of the Implied Covenant of Good Faith and Fair Dealing: Bad Faith Breach of Contract." This count alleges that, as a 50% shareholder of Mountain Lodge, Pearson is a third party beneficiary of the original construction loan agreement between Numerica and Mountain Lodge, and that therefore Numerica owed Pearson a duty of good faith and fair dealing. Numerica breached this duty, the count alleges, by increasing lending rates offered to prospective purchasers of the Nordic Inn condominium units and thereby causing Mountain Lodge's eventual default on the loan, and a loss of profits for Pearson. The count's prayer for relief seeks damages for lost profits.

Numerica moved to dismiss Pearson's complaint for failure to state a cause of action, and the superior court granted the motion in an order dated August 22, 1990. In addressing the complaint's first count, the court stated that Pearson was seeking relief in his capacity as guarantor *and* as a shareholder. The court ruled that, because Numerica had not yet sought to enforce the guaranty, Pearson's claim as guarantor was not ripe. Moreover, the court ruled that Pearson lacked standing to sue as a shareholder, because "Mountain Lodge has already commenced an action on behalf of the corporation alleging identical claims."

The court dismissed Pearson's second count because it found that Pearson was not a third party beneficiary of the end-loan financing contract between Numerica and Mountain Lodge: "Pearson's status as guarantor does not make him a party to collateral agreements between Numerica and Mountain Lodge, nor does the guarantee agreement require that Numerica provide end-loan financing to Mountain Lodge." In a separate order, dated December 18, 1990, the superior court denied Pearson's motion to amend his complaint to add the third count described above. The court stated that "[s]uch a cause of action would be dismissed for the same reasons as the initial complaint was dismissed." Pearson appealed these decisions to this court.

The standard of review is as follows:

> "On an appeal from an order granting a motion to dismiss, 'the only issue raised is whether the allegations are reasonably susceptible of a construction that would permit recovery.' We will assume the truth of both the facts alleged in the plaintiff's pleadings and all reasonable inferences therefrom as construed most favorably to the plaintiff. If the facts as alleged would constitute a basis for legal relief, the motion to dismiss should be denied."

*Collectramatic, Inc. v. Kentucky Fried Chicken Corp.*, 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985) (quoting *Royer Foundry & Mach. Co. v. N.H. Grey Iron, Inc.*, 118 N.H. 649, 651, 392 A.2d 145, 146 (1978)). Thus, for the purposes of this appeal only, we must assume that Numerica agreed to provide competitive end-loan financing to purchasers of the Nordic Inn condominium units, that Numerica reneged on this promise, and that as a consequence Mountain Lodge was forced to default on its construction loan agreement, causing Pearson "irreparable financial damage." Moreover, we must assume that Numerica conducted the Nordic Inn foreclosure sale in a com-

mercially unreasonable manner, thus causing him "severe and irreparable harm."

I. *Breach of Fiduciary Duty*

█ In Pearson's first count, he essentially asks the court to recognize an affirmative cause of action for damages in favor of a guarantor claiming breach of fiduciary duty on the part of a creditor (here, Numerica). This is a case of first impression. Pearson argues that Numerica's breach of duty has caused him to suffer damages in the form of out-of-pocket losses, injury to his credit, and lost profits, and that Numerica's conduct entitles him to rescission, as well as damages. Numerica responds that: (1) a bank does not owe a guarantor a fiduciary duty; (2) public policy considerations militate against recognizing an affirmative cause of action in favor of Pearson; (3) Pearson has suffered no damages separate from those suffered due to his status as shareholder; (4) rescission is not an appropriate remedy in this case; and (5) Pearson's claim is not ripe. We base our decision today on a finding that an affirmative cause of action should not be recognized in favor of a guarantor claiming breach of fiduciary duty on the part of a creditor.

█ In *Rockhouse Mountain Property Owners Assoc. v. Town of Conway,* 127 N.H. 593, 503 A.2d 1385 (1986), we described the analysis required of a court asked to recognize a new cause of action.

> "As in any case in which we are asked to recognize a new cause of action, it is a question of policy whether it would be wise to provide the relief that the plaintiffs seek. Reaching an answer to this question requires two quite separate steps, for we must determine whether the interest that the plaintiffs assert should receive any legal recognition and, if so, whether the relief that the plaintiffs request would be an appropriate way to recognize it."

*Id.* at 597–98, 503 A.2d at 1387–88 (citations omitted).

█ Commencing with the first step, we find that Pearson has a legally cognizable interest in preventing Numerica's alleged breach of fiduciary duty from affecting his liability on the guaranty. A guarantor is generally entitled to an abatement in liability equivalent to the loss suffered as a result of a creditor's breach, unless this right has been waived in the guaranty agreement. *See* A. STEARNS, THE LAW OF SURETYSHIP § 6.49, at 188 (1951).

On the other hand, Pearson does not have a legally cognizable interest in preventing Numerica's alleged breach from affecting his

out-of-pocket expenses, credit rating, and profits. These damages inured to Pearson because of his status as a 50% shareholder of Mountain Lodge, not because of his status as guarantor of Mountain Lodge's debt to Numerica. *See Johnston v. Oregon Bank*, 285 Or. 423, 427–29, 591 P.2d 746, 748–49 (1979). Pearson's monetary damages derive from Mountain Lodge's injuries. He has been harmed only because harm has allegedly been done to Mountain Lodge, and he possesses no claim against Numerica independent of Mountain Lodge's claim. *See id.*; 12B W. FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 5911 (rev. perm. ed. 1984). Pearson is attempting to assert a claim that belongs to Mountain Lodge. Because ordinarily only a corporation may assert its claims, *see id.*, we cannot allow Pearson to sue Numerica for damages.

> "By itself, a shareholder's status as a guarantor for the debt of the corporation in which the shareholder owns stock does not entitle the shareholder to maintain an action against a third party for injury to the corporation."

*Wells Fargo Ag Credit Corp. v. Batterman*, 229 Neb. 15, 20, 424 N.W.2d 870, 874 (1988); *see also Taggert & Taggert Seed, Inc. v. First Tennessee Bank Nat'l Ass'n*, 684 F. Supp. 230, 233–34 (E.D. Ark. 1988), *aff'd*, 881 F.2d 1080 (8th Cir. 1989); *Adair v. Wozniak*, 23 Ohio St. 3d 174, 177, 492 N.E.2d 426, 428–29 (1986).

The second step of the analysis outlined in *Rockhouse Mountain* requires us to determine whether, assuming a cognizable legal interest, the relief requested "would be an appropriate way to recognize it." *Rockhouse Mt. Property Owners Assoc. v. Town of Conway*, 127 N.H. at 598, 503 A.2d at 1388. As noted above, Pearson has a legally cognizable interest in being protected from Numerica's alleged breach only as it affects his liability on the guaranty. Thus our question, assuming that Numerica's alleged breach increased Pearson's liability, is whether Pearson is limited to claiming Numerica's breach as a defense to a suit by Numerica to enforce the guaranty, or whether Pearson may affirmatively sue Numerica to obtain a determination of his liability, in the manner of a declaratory judgment action. Pearson's complaint does not request a declaratory judgment, and thus his complaint limits him to claiming Numerica's breach as a defense to a suit to enforce the guaranty.

## II. *Breach of Contract*

In the second count of Pearson's complaint, he alleges that, because he is a guarantor of Mountain Lodge's debt to Numerica, he

is a third party beneficiary of the end-loan financing agreement between the corporation and the bank. Numerica disagrees, but both parties do agree that the relevant test for determining whether a person may sue under a contract as a third party beneficiary is the test spelled out in *Tamposi Associates, Inc. v. Star Market Co.*, 119 N.H. 630, 633, 406 A.2d 132, 134 (1979):

> "A third-party beneficiary relationship exists if (1) the contract calls for a performance by the promisor [Numerica] which will satisfy some obligation owed by the promisee [Mountain Lodge] to the third party, or (2) the contract is so expressed as to give the promisor reason to know that a benefit to a third party is contemplated by the promisee as one of the motivating causes of his making the contract."

Pearson argues in his brief that the first alternative requirement of the test is met because

> "the instruments called for Numerica to provide end-loan financing to facilitate the sale of the collateral properties. Mountain Lodge, in turn, had the obligation to Pearson to market and sell the collateral units so that there would be no deficiency upon the note for which Pearson is now liable."

We fail to see how the promise to provide competitive end-loan financing satisfies Mountain Lodge's obligations to Pearson as a guarantor. It is not enough to say that Mountain Lodge can more easily fulfill its obligations to Pearson if Numerica honors its contract with Mountain Lodge. Numerica must directly perform an act which satisfies Mountain Lodge's obligations to Pearson. In a similar case, the Oregon Supreme Court stated:

> "[T]he performance by the bank of its promise would not have satisfied the duty of the promisee (the lumber company [debtor]) to the supposed beneficiary [shareholder-guarantor]. The lumber company's obligation to plaintiff was the payment of its debts so that plaintiff, as its guarantor, would not have to pay them. The bank's promise to the lumber company was to liquidate the assets of the lumber company in a commercially reasonable manner—not to pay the lumber company's debts. As plaintiff claims, the bank's proper performance of its promise to the lumber company might have enabled the lumber company to continue to operate and subsequently to pay its debts, but the bank's promise to the lumber company did not require that the bank pay the

lumber company's debts to other creditors to whom plaintiff had also given a guaranty. The bank's performance of its promise to the lumber company would not have discharged 'an actual or supposed or asserted duty' of the lumber company to plaintiff to pay its debts so that plaintiff would not have to pay them. It is not claimed that the agreement amounted to an assignment for the benefit of creditors. Plaintiff is not a creditor beneficiary of the contract but is only an incidental beneficiary."

*Johnston v. Oregon Bank,* 285 Or. at 430–31, 591 P.2d at 750 (footnotes omitted).

Pearson argues in the alternative that he is a third party beneficiary because the original loan agreement "is so expressed as to give the promisor reason to know that a benefit to a third party is contemplated by the promisee as one of the motivating causes of his making the contract." *Tamposi Associates v. Star Mkt. Co.,* 119 N.H. at 633, 406 A.2d at 134. This requirement is satisfied, Pearson maintains, because "Numerica knew Pearson was interested personally in the Mountain Lodge instruments . . . [and] knew the rights and obligations under the instruments executed with Mountain Lodge were for the ultimate benefit of Pearson."

■ Again, Pearson's argument misses the mark. "The mere fact that the plaintiff was due to receive a pecuniary benefit . . . through performance of the contract does not give [him] a remedy for breach of contract." *Arlington Trust Co. v. Estate of Wood,* 123 N.H. 765, 768, 465 A.2d 917, 918–19 (1983); *see also Crocker v. Federal Deposit Ins. Co.,* 826 F.2d 347, 349 (5th Cir. 1987) (injury to shareholders in form of diminution in stock value is loss that is recoverable only by corporation in direct action or by shareholders in derivative action), *cert. denied,* 485 U.S. 905 (1988); *Adair v. Wozniak,* 23 Ohio St. 3d at 177, 492 N.E.2d at 429 (wrongful actions by third parties impairing capital position of corporation give no right of action to shareholders as individuals for damages where there is no violation of duty owed directly to shareholders).

Every act which benefits a corporation will benefit, *indirectly,* its shareholders. Were we to accept Pearson's argument, all shareholders would become third party beneficiaries of contracts between their corporations and other parties. Such a system would be inimical to our basic notion of a corporate identity distinct from that of its shareholders. A corporate veil cannot be alternatively donned and stripped to suit the convenience of the shareholders.

### III. *Breach of the Implied Covenant of Good Faith and Fair Dealing: Bad Faith Breach of Contract*

In Count III of his proposed amended complaint, which the trial court refused to allow, Pearson alleges that, as a 50% shareholder of Mountain Lodge, he is a third party beneficiary of the original construction loan agreement. As noted in Section II above, we hold that Pearson is not a third party beneficiary of Numerica's alleged promise to provide end-loan financing. Because we find nothing in the original loan agreement to distinguish the analysis used in Section II from the analysis applicable here, we hold that the superior court properly denied Pearson's motion to amend his complaint to add Count III.

We also hold that the trial court properly dismissed Counts I and II of the complaint.

*Affirmed.*

All concurred.