Hillsborough-northern judicial district
No. 98-166

### STEWART F. GROSSMAN, TRUSTEE OF THE MURRAY CREDITORS' TRUST

v.

### DAVID W. MURRAY, INDIVIDUALLY AND DAVID W. MURRAY d/b/a ERIN REALTY COMPANY, d/b/a SECOND LEASING COMPANY, d/b/a CHARMING FARE COUNTRY CLUB, d/b/a LEASED RESTAURANT EQUIPMENT COMPANY

November 30, 1999

*Hoefle, Phoenix & Gormley P.A.*, of Portsmouth (*Lawrence B. Gormley* on the brief and orally), for the plaintiff.

*Wadleigh, Starr & Peters*, of Manchester (*Robert E. Murphy, Jr.* on the brief and orally), for the defendant.

JOHNSON, J. The defendant, David W. Murray, appeals an order of the Superior Court (*Groff*, J.) granting a motion of the plaintiff, Stewart F. Grossman, Trustee of the Murray Creditors' Trust, for judgment notwithstanding the verdict on the defendant's counter-claim. We affirm.

We summarize the pertinent facts underlying the transactions at issue in this case as recited in *Grossman v. Murray*, 141 N.H. 265, 681 A.2d 90 (1996), and adduced at trial. In the course of federal bankruptcy proceedings against Murray, title to a parcel of land in Moultonborough was transferred to a trust created for the benefit of "holders of allowed claims in Murray's Chapter 11 case." Murray or his nominee was granted "the exclusive and irrevocable right of first refusal" to purchase the property under the same terms as any other purchaser. In October 1992, Grossman, as trustee of the trust, executed a purchase and sale agreement with SVD Corp. (SVD) for the property and notified Murray of the agreement. On November 12, 1992, SVD raised title concerns with respect to the parcel and requested that Grossman resolve them prior to closing.

On November 19, Murray assigned the right of first refusal to First Express, Inc. (FEI) for one dollar "and other good and valuable consideration." In a separate agreement, FEI agreed to pay Murray a fee of $186,300 upon delivery and recording of the deed. Murray and FEI further agreed that unless required by law, they would not disclose to anyone: (1) the fee agreement; (2) the fact of the fee payable to Murray; and (3) the negotiations between Murray and FEI resulting in the fee agreement. That same day, FEI notified Grossman of the terms under which it would exercise the right of first refusal. Grossman agreed to those terms subject to a right to extend the closing date "to cure any title defects or to otherwise make the Premises conform to the terms of the Purchase and Sale Agreement," and to execute a supplemental agreement under which FEI would waive objections to taking title subject to conditions and restrictions imposed by a certain deed. FEI agreed to the additional terms, and Grossman and FEI executed a purchase and sale agreement. The bankruptcy court found the additional

terms to be "relevant and material deviations" from the SVD agreement and concluded that FEI's exercise of the right of first refusal was ineffective.

Grossman transferred the parcel to SVD, but not by the closing date specified in the purchase and sale agreement. Grossman then sued Murray for $4,481.35 in real estate taxes due on the property. Murray conceded liability but counterclaimed for the fee he would have received had the transaction with FEI been consummated. Murray asserted that Grossman breached the right of first refusal by requiring the additional terms and by not granting FEI the same "extension" that he had granted SVD, and that he could recover for the breach as a third-party beneficiary. The jury rendered a verdict for Murray, and Grossman moved for judgment notwithstanding the verdict, arguing that a finding of third-party beneficiary status was unsupported. The trial court granted the motion, finding no evidence that Grossman was aware of Murray's fee when he entered into the purchase and sale agreement with FEI, and that a desire to pay Murray a fee was not a "motivating cause" of FEI entering into the contract.

> A party is entitled to judgment notwithstanding the verdict only when the sole reasonable inference that may be drawn from the evidence, which must be viewed in the light most favorable to the nonmoving party, is so overwhelmingly in favor of the moving party that no contrary verdict could stand. The court cannot weigh the evidence or inquire into the credibility of the witnesses, and if the evidence adduced at trial is conflicting, or if several reasonable inferences may be drawn, the motion should be denied.

*Langlois v. Pomerleau*, 143 N.H. 456, 458-59, 726 A.2d 1285, 1287 (1999) (quotation omitted).

A third-party beneficiary relationship exists where, for example, "the contract is so expressed as to give the promisor reason to know that a benefit to a third party is contemplated by the promisee as one of the motivating causes of his making the contract." *Tamposi Associates v. Star Mkt. Co.*, 119 N.H. 630, 633, 406 A.2d 132, 134 (1979). Murray argues that the record establishes Grossman's knowledge of the fee Murray was to receive, and thus the court erred in finding that Murray was not a third-party beneficiary of the purchase and sale agreement between Grossman and FEI. Even assuming that the evidence supports a finding that Grossman knew of the fee, we conclude that the evidence fails as a matter of law to establish a third-party beneficiary relationship.

■ A benefit to a third party is a "motivating cause" of entering into a contract only where the promisee intends "to give the beneficiary the benefit of the promised performance." RESTATEMENT (SECOND) OF CONTRACTS § 302(1)(b) (1981). "Unless the performance required by the contract will directly benefit the would-be intended beneficiary, he is at best an incidental beneficiary." *Public Service Co. of N.H. v. Hudson Light & Power*, 938 F.2d 338, 342 (1st Cir. 1991). The benefit that Murray sought to enforce derived not from Grossman's promise to transfer property, but from FEI's promise to pay a fee pursuant to a separate agreement. *Cf. Tamposi Associates*, 119 N.H. at 633, 406 A.2d at 134. Although Murray's compensation for the assignment was contingent upon FEI's exercise of the right of first refusal, "[t]he mere fact that [Murray] was due to receive a pecuniary benefit through performance of the contract does not give him a remedy for breach of contract." *Numerica Savings Bank v. Mountain Lodge Inn*, 134 N.H. 505, 512, 596 A.2d 131, 136 (1991) (quotation, ellipsis, and brackets omitted). Accordingly, we conclude that the trial court did not err in finding that payment of a fee to Murray was not a "motivating cause" of FEI entering into the agreement with Grossman.

*Affirmed.*

All concurred.