ikon GmbH v. Enterasys Networks        CV-02-98-B      03/05/03

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Ikon GmbH and TEWS Technologies GmbH

    v.                                    Civil No. 02-98-B
                                          Opinion No. 2003 DNH 031
Enterasys Networks, Inc.



MEMORANDUM AND ORDER

    Enterasys Networks, Inc. entered into an agreement to pay ikon GmbH to design and develop circuit boards and software. Under the agreement, ikon's development of the products were scheduled to begin on the date Enterasys remitted an initial payment equaling 35% of the total cost of ikon's services. Although Enterasys never remitted the initial payment, ikon and its subcontractor, TEWS Technologies GmbH, began working on the design and development of the circuit boards and software. Ikon and TEWS have sued Enterasys for breach of contract, seeking to recover all costs associated with the work it performed under the agreement. Enterasys moves for summary judgment, alleging that the initial payment was a condition precedent to ikon's

performance under the agreement, and that since it never remitted the payment a contract was never formed.

## I. STANDARD OF REVIEW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A material fact is one that affects the outcome of the suit. See id. at 248.

In ruling upon a motion for summary judgment, I must construe the evidence in the light most favorable to the non-movant. See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001). The party moving for summary judgment, however, "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the

record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has properly supported its motion, the burden shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (citing Celotex, 477 U.S. at 323; Anderson, 477 U.S. at 249). Neither conclusory allegations, improbable inferences, or unsupported speculation are sufficient to defeat summary judgment. See Carroll v. Xerox Corp., 294 F.3d 231, 236-37 (1st Cir. 2002).

## II. BACKGROUND

According to the agreement, ikon was "to design, have designed, develop, or have developed" circuit board assemblies and software. Def's Mem. in support of Mot. for Summ. J., Ex. 1 at ¶ 2.0 ("Agreement"). In exchange, Entrasys agreed to compensate ikon for the project according to a payment schedule.

Development of the circuit boards and software was scheduled to start upon the date the first payment of 35% of the total project costs was made by Enterasys. Agreement at Ex A, n.23(a). According to Enterasys' director of hardware development, ikon "would not consider Enterasys to be 'serious' about the Agreement" until the first payment was received. Hirani Aff. at ¶ 3. Furthermore, ikon apparently insisted that it would not begin the project until it received the first payment. Id. at ¶ 7.

About a month after entering the agreement, Enterasys concluded that ikon would not be able to complete the project according to the delivery schedule in the agreement. Subsequently, Enterasys notified ikon that it would not remit the first payment and, therefore, it considered the agreement void.

Although it did not receive the first payment, ikon had already begun designing and developing the circuit boards and software. Further, it had sought and received approval from Enterasys to hire TEWS as a subcontractor. After Enterasys notified ikon that it would not remit the initial payment and considered the contract void, ikon and TEWS initiated this action

seeking to recover damages for the work they had completed.

## III. DISCUSSION

### A. The initial payment

Enterasys argues that ikon's promise to perform under the Agreement was conditioned upon the receipt of Enterasys' initial payment. Enterasys concludes that since it did not remit the payment, this condition precedent was not satisfied and an agreement was never formed.

The interpretation of contracts is a question of law for the court to decide. Strafford Tech., Inc. v. Camcar, 147 N.H. 174, (2001). When interpreting a written contract, I must "read the document as a whole and give its terms their reasonable meaning." Id. This remains true for contractual terms that establish conditions precedent. However, "[a]s a general rule, conditions precedent are not favored, and [I] will not so construe such conditions unless required by the plain language of the agreement." In re Estate of Kelly, 130 N.H. 773, 781 (1988). Conditions precedent "'are those facts and events, occurring subsequently to the making of a valid contract, that must . . .

-5-

occur before there is a right to . . . performance.'" Id. at 781 (quoting 3A A. Corbin, Corbin on Contracts 628, at 16 (1960)). "As a rule of thumb, provisions which commence with words such as 'if,' 'on condition that,' 'subject to' and 'provided' create conditions precedent." Holden Engineering and Surveying, Inc. v. Pembroke Road Realty Trust, 137 N.H. 393, 396 (1993). When the parties expressly condition their performance upon the occurrence or non-occurrence of an event, "rather than simply including the event as one of the general terms of the contract, the parties' bargained-for expectation of strict compliance should be given effect." Renovest Co. v. Hodges Dev. Corp., 135 N.H. 72, 78 (1991)

I conclude that the initial payment provision was not a condition precedent to ikon's promise to perform under the agreement. Ikon promised to design and develop certain items and to deliver these items to Enterasys according to a set schedule. The performance of this promise was not conditioned upon the receipt of Enterasys' initial payment. See Agreement at ¶ 2.0. Indeed, none of the common terms that trigger a condition precedent are present in the contract language that established either the parties responsibilities under the Agreement or the

schedule for the development and delivery of the circuit boards and software.  See id.; cf. Holden Engineering and Surveying, Inc., 137 N.H. at 396.

Furthermore, the language of the agreement's delivery schedule referred to in paragraph 2.0 of the agreement merely establishes the date ikon was to receive Enterasys' initial payment as the starting date of development.  See Agreement at Ex. A, n.23(a).  This starting date may have been critical to the agreed upon schedule for delivery of services, but it was not a condition precedent to ikon's actual promise to perform.  In other words, the terms of the contract regarding the starting date of development are more akin to general contract terms regarding the delivery of services, rather than express terms conditioning performance on the occurrence or non-occurrence of an event.  See Renovest, 135 N.H. at 78.  In short, ikon's promise to perform was not expressly subject to the receipt of the initial payment.  Therefore, according to the plain language of the agreement, I cannot conclude that the initial payment provision was a fact or event that had to occur before triggering ikon's duty to perform under the agreement.

**B.    Third Party Beneficiary Status of TEWS**

Enterasys also moves for summary judgement as to TEWS' claim that it is a third-party beneficiary to the agreement between Enterasys and Ikon.  Enterasys argues that TEWS was a subcontractor hired by ikon, not a third party beneficiary to the agreement between ikon and Enterasys.  As such, Enterasys concludes that TEWS has no cause of action directly against Enterasys, and must pursue any alleged claim against ikon.  Ikon counters that ikon and TEWS entered into a "joint venture" with Enterasys, and that Enterasys expressly granted ikon permission to hire TEWS as a subcontractor, as called for under the agreement.  As such, TEWS was a third-party beneficiary entitled to maintain a cause of action directly against Enterasys.

A third-party beneficiary relationship exists if (1) the contract requires the promisor to satisfy an obligation owed by the promisor to a third party; or (2) the contract gives the promisor reason to know that the promisee has entered into the agreement, at least in part, in order to benefit a third party. Arlington Trust Co. v. Estate of Wood, 123 N.H. 765, 767-68 (1983).  In either event, the parties must contract with an

intent to confer rights upon the third party.  <u>Tamposi Assocs.,</u> <u>Inc. v. Star Market Co., Inc.</u>, 119 N.H. 630, 633 (1979).

The agreement in this case was solely between ikon and Enterasys.  Nothing in the agreement indicates that TEWS was intended as a third-party beneficiary to the agreement.  Thus, it is clear that the parties did not intend to confer a benefit upon TEWS.  <u>See</u> <u>Hrushka v. State of N.H.</u>, 117 N.H. 1022, 1024 (1977); <u>Tamposi</u>, 119 N.H. at 633.  TEWS cannot sustain a claim against Enterasys as a third-party beneficiary.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, I deny Enterasys summary judgment motion (Doc. No. 9) as it pertains to ikon, and grant Enterasys motion as it pertains to TEWS.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

March 5, 2003

cc:  Russell Hilliard, Esq.
     Charles Szypszak, Esq.