831 P.2d 560

**Raymond E. Barnett and Joyce Barnett, husband and wife, Plaintiffs,**

v.

**Eagle Helicopters, Inc., R.W. Beck and Associates, Inc., and Does I Through V, Defendants.**

**R.W. BECK AND ASSOCIATES, INC., Third–Party Plaintiffs–Appellants,**

v.

**JOB LINE CONSTRUCTION, INC., Third–Party Defendant–Respondent.**

No. 19242.

Court of Appeals of Idaho.

April 30, 1992.

---

Smith & Cannon, Lewiston, for third-party plaintiffs-appellants. Jerry V. Smith, argued.

Jarold P. Cartwright, Coeur d'Alene, for third-party defendant-respondent.

SWANSTROM, Judge.

In a third-party complaint, R.W. Beck and Associates, Inc., claimed a right to contribution and indemnity from Job Line Construction, Inc., for damages which might be assessed against Beck in the negligence action brought by Job Line's injured employee, Raymond Barnett. Job Line answered the complaint, denying that Beck was entitled to relief, and later moved for summary judgment against Beck. The district court (District Judge E.B. Ponack, now retired) granted summary judgment to Job Line. Beck's motion to alter or amend the judgment, I.R.C.P. 59(e), was then heard by District Judge Linda Copple Trout and denied. Beck appealed from this order. We affirm.

The issue to be decided in this appeal is whether the district court correctly held that Beck is not a party who can claim the benefit of an indemnity clause contained in a contract between Job Line and the Bonneville Power Administration (BPA). Beck alleged that, either as an agent of BPA or as a third-party beneficiary, Beck was entitled to be indemnified for any liability it might have in the action brought by Barnett against Beck and other parties as a result of a construction accident which occurred while Barnett was working for Job Line.

For this Court to reverse the summary judgment awarded to Job Line against Beck, we must be convinced that Beck is an indemnitee, as a matter of law, or that there exists a genuine issue of fact as to Beck's status as an indemnitee, thereby foreclosing the district court's award of summary judgment in Job Line's favor. See I.R.C.P. 56(c). We review, therefore, in a light most favorable to the party opposing summary judgment, the pleadings

and affidavits to determine whether a genuine issue of material fact remains to be decided, and whether the moving party is entitled to judgment as a matter of law. *Anderson v. City of Pocatello*, 112 Idaho 176, 731 P.2d 171 (1986); *Hirst v. St. Paul Fire & Marine Ins. Co.*, 106 Idaho 792, 683 P.2d 440 (Ct.App.1984).

Job Line was employed by BPA, a division of the United States Department of Energy, to construct a 500 KV transmission line across parts of Montana and Idaho, known as the Taft–Bell Project. According to the contract, Job Line, as the primary contractor, was obligated to provide a safe working environment for the employees involved on the project and to otherwise comply with specified government standards. BPA was responsible for the supervision and inspection of the ongoing construction. In order to provide the necessary number of inspectors for the project, BPA entered into a separate contract with Beck for the services of its inspectors to supplement BPA's inspectors.

In an accident on August 14, 1989, Raymond Barnett, one of Job Line's employees, was seriously injured on the job. He received worker's compensation benefits through his employer, Job Line, and later brought a tort action to ascertain the negligence of the various parties with regard to the accident and their liability for his resulting injuries. Barnett named as defendants in the action Beck and Eagle Helicopters, Inc.; neither the employer, Job Line, nor the government, BPA, were named in the action. Thereafter, Beck filed a third-party complaint against Job Line for contribution[1] and for indemnification against the damages being sought by Barnett. Beck's complaint was dismissed by summary judgment in favor of Job Line on November 20, 1990.

As Barnett's case proceeded toward trial, Beck settled with Barnett and, in a special verdict form used by the jury, Beck was not assessed with any liability for Barnett's

---

1. Because the jury, by special verdict, determined that Beck was not liable for Barnett's injuries, Beck's claim for contribution was moot.

injuries.[2] Nevertheless, through Beck's appeal from the order granting summary judgment to Job Line in the indemnity action, Beck hopes to recover from Job Line its costs of defending and settling the suit brought by Barnett.

The contract between Job Line and BPA provided that Job Line would

> [i]ndemnify and save the Government (BPA) harmless from any and all suits, actions, and claims for injuries to or death of persons or damage to property arising out of any act or omission of the Contractor, subcontractors, or any employee of the Contractor or subcontractors, in any way related to the work or operations under this contract. This indemnification shall apply even though the injury, death, or damage may have been caused by negligence of the Government.

Because this contractual indemnity provision was the only source of Beck's alleged right to be indemnified, the district court set out to interpret what it deemed to be an unambiguous contract. The court concluded that the intent of Job Line and BPA in contracting was that the BPA would be the sole beneficiary of the indemnity provisions of that contract. The court also rejected Beck's contention that it was an employee of the government by virtue of the Federal Tort Claims Act[3] and, therefore, an indemnitee of the contract.

■ Beck's first argument on appeal is that the district court should have applied the Federal Tort Claims Act and cases interpreting the Act to determine that Beck qualified as "an employee" of BPA. Beck reasoned that as "an employee" of BPA, it was entitled to indemnification against claims to the same extent as was BPA under the contract.

■ The district court stated in the summary judgment that claims brought under the Federal Tort Claims Act are within the exclusive jurisdiction of the federal courts. The district court correctly determined that

the Act, which allows a party to sue the United States for damages, was not the basis of any right asserted by Barnett, the plaintiff in the personal injury action, or by Beck, the plaintiff in the third-party action. Barnett elected to proceed in state court, foregoing his right to sue the BPA; and as part of that action, Beck filed his claim for indemnity. Clearly, the indemnity action, founded on a contract indemnity clause is to be resolved by applying state law, not federal law, to the interpretation of such contract. *See C.I.T. Corporation v. Sanderson*, 43 F.2d 985 (9th Cir.1930); *see also Reynolds v. Continental Mortgage Co.*, 85 Idaho 172, 377 P.2d 134 (1962). We are in full agreement with the district court's decision not to apply the Federal Tort Claims Act as Beck had requested.

■ Beck's second argument is that the district court erred in concluding that Beck was not an indemnitee under the contract. Beck asserted its status as a BPA employee by virtue of BPA's direct supervision and control over Beck's activities. Beck had entered into a contract with BPA fixing the parties' relationship and their mutual obligations; however, the Beck contract was not made a part of the record and is not argued on appeal. Because there existed no contract between Beck and Job Line, Beck relied on the indemnification clause in the contract between BPA and Job Line to establish its right to indemnity from Job Line.

■ The prima facie elements of indemnity have been set out by our Supreme Court as: (1) an indemnity relationship, (2) actual liability of an indemnitee to a third party, and (3) a reasonable settlement amount. *Chenery v. Agri–Lines Corp.*, 115 Idaho 281, 284, 766 P.2d 751, 754 (1988), *citing Williams v. Johnston*, 92 Idaho 292, 442 P.2d 178 (1968). In the case before us, our attention is drawn to the indemnity relationship between Beck and Job Line. Accordingly, we review the dis-

---

**2.** The jury attributed negligence to the parties as follows: 40% to Eagle Helicopters, Inc., 30% to BPA, 30% to Job Line, and no percentage to Beck.

**3.** 28 U.S.C. §§ 2401–2416 (1949).

trict court's interpretation of the contract, particularly the indemnification clause.

■ The rule of interpretation of construction contract indemnity is that the indemnitor is entitled to have his undertaking strictly construed, particularly in those cases in which the agreement was prepared by the indemnitee. *Tyee Construction Co. v. Pacific Northwest Bell Telephone Company,* 3 Wash.App. 37, 472 P.2d 411, 414 (Wash.App.1970). As a standard government form 23 construction contract, the Job Line/BPA contract included an indemnity clause for the protection of the government, exclusive of any reference to its agents, employees, representatives, officers, or contractors, against damages incurred as a result of the negligence of Job Line or the government. To impose upon Job Line the added burden to indemnify Beck, who is neither a named party nor an expressly named beneficiary of the contract, would be to obligate Job Line beyond the terms of the contract.

■ The obligation to indemnify is to be strictly construed, and the status of indemnitee is also interpreted narrowly. *Gulf Oil Corp. v. Mobile Drilling Barge or Vessel Margaret,* 441 F.Supp. 1 (E.D.La. 1975), *aff'd* 565 F.2d 958 (5th Cir.1978). In Idaho, it has been held that construction contracts between a contractor and a public body are not generally considered as being for the benefit of third parties. *Just's, Inc. v. Arrington Construction Co.,* 99 Idaho 462, 463, 583 P.2d 997, 998 (1978), *citing Davis v. Nelson–Deppe, Inc.,* 91 Idaho 463, 424 P.2d 733 (1967). Further, the intent to benefit a third party "must be gleaned from the contract itself unless the document is ambiguous...." *Id., on denial of petition for rehearing,* 99 Idaho at 475, 583 P.2d at 1010. *See also Dawson v. Eldredge,* 84 Idaho 331, 337, 372 P.2d 414, 418 (1962) (contract relied upon as authorizing recovery by third-party beneficiary must be strictly construed in favor of person against whom liability is asserted).

■ From our review of the contract, we conclude that there was no evidence before the district court, expressed in the terms of the contract or implied, that Job Line intended to confer a right of indemnity upon Beck. All of the affidavits submitted in opposition to the motion for summary judgment address the nature of the relationship between Beck and BPA, but they do not create a genuine issue of fact as to Beck's status as an indemnitee under the contract. Although it was not necessary that Beck be named as a beneficiary, the failure to name Beck is also an indication that BPA did not intend to confer a right upon Beck. *See Northwest Airlines, Inc. v. Crosetti Bros., Inc.,* 258 Or. 340, 483 P.2d 70, 73 (1971). We hold that indemnity to Beck, whose inspectors were hired by BPA to supplement its own inspectors, was not within the contemplation of Job Line or BPA in their indemnity agreement.

Because Beck has failed to establish an indemnity relationship with Job Line, we conclude that the district court correctly granted summary judgment to Job Line on the third-party complaint. Accordingly, we affirm. No attorney fees were requested on appeal. Costs awarded to Job Line.

WALTERS, C.J., and SILAK, J., concur.