858 P.2d 822

**Yolanda Waechter, individually and as personal representative of the estate of Daniel William Waechter, deceased, Plaintiffs,**

v.

**Thomas A. Mitchell and Jane Doe Mitchell, and the marital community, Defendants–Appellants.**

**Thomas A. MITCHELL and Jane Doe Mitchell, and the marital community, Third Party Plaintiffs–Appellants,**

v.

**Joyce VALERIO, Richard Babin, d/b/a Babin's Bar, Leila Grebil, d/b/a Bedroom Bar, J.D. Cantamessa, d/b/a Excell Foods Store, Bill Delbridge and Sharon Blacketer, Faith Ison, a/k/a Faith Isom d/b/a Albert's Bar, and Lisa Bennet, Third Party Defendants–Respondents,**

**and**

**Jo Babin and Delmar A. Howard, Third Party Defendants.**

No. 19837.

Court of Appeals of Idaho.

Aug. 11, 1993.

Eugene L. Miller, Coeur d'Alene, argued for appellants.

Quane, Smith, Howard & Hull, Coeur d' Alene, for respondent Babin. Douglas S. Marfice argued.

Randall and Danskin, Spokane, WA, for respondents Cantamessa, Delbridge and Blacketer. Keith D. Brown argued.

Faith Ison, pro se.

Lisa Bennet, pro se.

CAREY, Judge, Pro Tem.

This is an appeal from a judgment dismissing a third-party complaint. The question presented is whether an attorney who is the subject of a malpractice claim may seek indemnity from parties he allegedly failed to sue on behalf of his client in a timely fashion. The judgment is affirmed.

## FACTS AND PROCEEDINGS BELOW

Daniel Waechter was struck and killed by a drunken motorist. His widow, Yolanda Waechter, retained the services of attorney Thomas A. Mitchell to file a wrongful death action against the motorist and the persons who had furnished the motorist with alcohol. Idaho's Dram Shop Act permits a claim to be made against a person who sells or otherwise furnishes alcoholic beverages to an intoxicated person but requires a notice of claim to be given within 180 days from the date the claim arose. I.C. § 23–808(5). Mitchell failed to give notice to the vendors until after the statutory time period ran. As a result, Ms. Waechter lost her right to prosecute a claim against the vendors.

Ms. Waechter filed an action against Mitchell, alleging legal malpractice and seeking to recover damages for the loss of her claim against the vendors. Mitchell filed a third-party complaint against the alleged vendors, Joyce Valerio, Richard Babin, Leila Grebil, J.D. Cantamessa, Bill Delbridge, Sharon Blacketer, Faith Ison and Lisa Bennet, asserting a right to equitable indemnification. The vendors moved to dismiss Mitchell's complaint on the ground that it failed to state a claim upon which relief could be granted. The district court granted the motion and this appeal followed.

## EQUITABLE INDEMNITY

The sole question on appeal is whether an attorney who is sued by a client for failing to commence an action in a timely manner has an equitable right to

indemnity from the party or parties against whom the action was to be brought. Mitchell admits that he failed to notify the vendors of Waechter's claim within the statutory period and that his negligence is independent from any tortious conduct of the vendors. He maintains, however, that the vendors, whose conduct allegedly caused the injuries giving rise to the underlying claim, owe him an equitable duty of indemnity for any damages arising from his malpractice.

The right to indemnity is an equitable principle that has been preserved by statute. I.C. § 6–804(2). For the right of indemnity to arise, there first must be an indemnity relationship. *Chenery v. Agri-Lines Corp.*, 115 Idaho 281, 766 P.2d 751 (1988); *R.W. Beck and Associates, Inc. v. Job Line Const., Inc.*, 122 Idaho 92, 831 P.2d 560 (Ct.App.1992). An indemnity relationship between tortfeasors exists when the parties share a common liability for the same harm. RESTATEMENT (SECOND) TORTS § 886B (1979). The relationship may arise by express or implied agreement and also by operation of law to prevent an unjust result. PROSSER AND KEETON ON TORTS § 51, at 341–42 (5th ed. 1984). The right to equitable indemnity has been recognized (1) when the indemnitee's liability was based on passive neglect and the indemnitor was guilty of recklessness; (2) when the indemnitee owed only a secondary duty to the injured party and the indemnitor was primarily responsible; or (3) when the indemnitee was only vicariously liable. *May Trucking Co. v. International Harvester Co.*, 97 Idaho 319, 543 P.2d 1159 (1975).

Mitchell's duty to compensate his client in money damages was not caused by the negligence of the vendors but was caused by his own active and independent negligence in failing to preserve his client's claim. *See, Henke v Fox*, 437 F.2d 815 (7th Cir.1971). Neither Mitchell on the one hand nor the vendors on the other hand contributed to each other's negligent conduct. Mitchell and the vendors shared no common duty toward Mrs. Waechter at the time each committed his or her tort, since the malpractice claim did not arise until after the notice period for the claim against the vendors had expired. The injury resulting from Mitchell's malpractice—the loss of the claim against the vendors—is separate and distinct from the wrongful death attributed to the vendors. Authorities examining the issue in other jurisdictions have concluded that an attorney generally has no right of indemnity against a tortfeasor from whom he or she negligently failed to secure recovery on behalf of a client. *See, e.g.,* Vesely, Otto, Miller & Keefe v. Blake, 311 N.W.2d 3, 20 ALR4th 332 (Minn.1981); 2 R. MALLEN & J. SMITH, LEGAL MALPRACTICE § 17.16 (1989); Annotation, *Legal Malpractice: Defendant's Right to Contribution or Indemnity from Original Tortfeasor*, 20 ALR4th 338 (1983). For all of these reasons, we conclude that there is no basis for finding or creating an indemnity relationship between Mitchell and the vendors.

Mitchell also contends that a party directly responsible for a wrongful death should not be shielded from all liability by intervening malpractice on the part of the claimant's attorney and that equitable principles favor recognition of a right to partial indemnification or contribution. Under the facts of this case Mitchell's position would nullify the clear legislative intent of the notice provisions in I.C. § 23–808. We decline to create such a rule.

### CONCLUSION

The judgment of the district court dismissing Mitchell's third-party complaint against the vendors is affirmed. Costs but not attorney fees will be awarded to the third party defendants-respondents upon timely submission of a cost bill in accordance with I.A.R. 40.

WALTERS, C.J., and SWANSTROM, J., pro tem., concur.