SCHWARTZ, Chief Judge.
The appellant is a lawyer who was sued for legal malpractice for her alleged negligence in failing effectively to contest and revoke a will and trust executed by the client’s mother with the result that the appellee Reed, the testatrix’s son, who was a beneficiary of those instruments, secured assets which would have otherwise gone to his sister. The lawyer then filed a third-party complaint against Reed, claiming that if she were held liable for malpractice in the primary action, Reed, who would thus have been permitted to retain the “benefits” of that negligence, should wholly or partially reimburse her under theories either of indemnification, contribution or some variant of “equitable subrogation.” [1] We agree with the trial court which, in dismissing the third-party complaint with prejudice, ruled that no such claim is cognizable under the law. Mitchell v. Valerio, 858 P.2d 822 (Idaho App.1993); Vesely, Otto, Miller & Keefe v. Blake, 311 N.W.2d 3 (Minn. 1981); Annot., Legal Malpractice: Defendant’s Right to Contribution or Indemnity From Original Tortfeasor, 20 A.L.R.4th 338 (1983).
Affirmed.

. It is unclear, at best, what she is to be subro-gated to, or why she would be entitled to recover against Reed for whatever that may be.